PD-0742-15

PD-0742-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/17/2015 11:47:12 AM
Accepted 6/19/2015 11:33:14 AM
ABEL ACOSTA
CLERK

## COURT OF CRIMINAL APPEALS
## OF TEXAS

| | |
|---|---|
| SCOTT ELLERY CRAWFORD, JR., | § |
| *PETITIONER* | § |
| | § |
| V. | § |
| | § |
| STATE OF TEXAS, | § |
| *RESPONDANT* | § |

APPEALED FROM NO. 02-14-00289-CR
IN COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS
AND
CAUSE NUMBER 1344184
IN THE COUNTY CRIMINAL COURT NO. 4 TARRANT COUNTY,
HONORABLE DEBORAH NEKHOM, JUDGE PRESIDING

### PETITIONER'S BRIEF

MARK G. DANIEL
Sundance Square
115 West Second Street, Suite 202
Fort Worth, Texas 76102
Phone (817) 332-3822
Fax (817) 332-2763
State Bar No. 05360050
mgd1016@aol.com

ANDREW J. DECKER
Sundance Square
115 West Second Street, Suite 202
Fort Worth, Texas 76102
Phone (817) 332-3822
Fax (817) 332-2763
State Bar No. 24089222
andrewj.decker@yahoo.com

FILED IN
COURT OF CRIMINAL APPEALS

June 19, 2015

ABEL ACOSTA, CLERK

i

## IDENTITY OF PARTIES AND COUNSEL

The following constitutes all of the parties to at the trial court and appellate court level.

PETITIONER                                                Scott Ellery Crawford, Jr.

JUDGE AT TRIAL COURT                             Honorable Deborah Nekhom
                              County Criminal Court No. 4, Tarrant County, Texas

PETITIONER'S TRIAL COUNSEL                             Mark G. Daniel
                                                               Sundance Square
                                           115 West Second Street, Suite 202
                                                               Fort Worth, Texas
                                                               817-332-3822
                                                               Fax 817-332-2763

PETITIONER'S APPELLATE COUNSEL                         Mark G. Daniel
                                                                          and
                                                               Andrew J. Decker
                                                               Sundance Square
                                           115 West Second Street, Suite 202
                                                               Fort Worth, Texas
                                                               817-332-3822
                                                               Fax 817-332-2763

RESPONDANT                                                      State of Texas

RESPONDANT'S TRIAL COUNSEL                         Rachel Ackermann
                                                                          and
                                                               Sally Patterson
                                   Assistant Criminal District Attorneys
                                                               401 West Belknap St.
                                                   Fort Worth, Texas 76196

RESPONDANT'S APPELLATE COUNSEL                       Tonya S. Dohoney
                                     Assistant Criminal District Attorney
                                                               Appellate Section

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL     ii

TABLE OF CONTENTS     iii

INDEX OF AUTHORITIES     iv

STATEMENT OF THE CASE     vi

STATEMENT OF PROCEDURAL HISTORY     vii

GROUNDS FOR REVIEW     1

ARGUMENT     3

PRAYER     16

CERTIFICATE OF SERVICE     17

CERTIFICATE OF COMPLIANCE     18

# INDEX OF AUTHORITIES

## CASES

*Armendariz v. State*, 123 S.W3d 401 (Tex. Crim. App. 2003)     5

*Arthur v. State*, 216 S.W.3d 50 (Tex. App-Fort Worth 2007)     5

*Flores v. State*, 319 S.W.3d 697 (Tex. Crim. App. 2010)     12

*Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997)     5

*Hogan v. State*, 329 S.W.3d 90 (Tex. App.-Fort Worth 2010)     10

*Illinois v. Gates*, 462 U.S. 213 (1983)     11-12

*Lagrone v. State*, 742 S.W.2d 659 (Tex. Crim. App. 1987)     11

*Martinez v. State*, 348 S.W.3d 919 (Tex. Crim. App. 2011)     5

*Massachusetts v. Upton*, 466 U.S. 727 (1984)     11

*Rodriguez v. State*, 232 S.W.3d 55 (Tex. Crim. App. 2007)     11

*State v. Ballard*, 987 S.W.2d 889 (Tex. Crim. App. 1999)     6

*State v. Crawford*, No. 02-14-00289-CR, mem. op.
(Tex. App.-Fort Worth, Mar. 19, 2015) (not designated for publication)     vii

*State v. Crawford*, No. 2-14-00289-CR,
(Tex. App.-Fort Worth, May 21, 2015)     vii

*State v. Davila*, 169 S.W.3d 735 (Tex. App.-Austin 2005)     12

*State v. Dixon*, 206 S.W.3d 587 (Tex. Crim. App. 2006)     5

*State v. Duarte*, 389 S.W.3d 349 (Tex. Crim. App. 2012)     11

*State v. Kelly*, 204 S.W.3d 808 (Tex. Crim. App. 2006)     5

*State v. McLain*, 337 S.W.3d 268 (Tex. Crim. App. 2011)                    11

*State v. Ross*, 32 S.W.3d 853 (Tex. Crim. App. 2000)                    6

*State v. Webre*, 347 S.W.3d 381 (Tex. App.-Austin 2011, no pet.)    *passim*

*Wiede v. State,* 214 S.W.3d 17 (Tex. Crim. App. 2007)                    5

STATUTES AND RULES

Tex. Code Crim. Proc. art. 18.01(b)                    9

Tex. Code Crim. Proc. art. 38.23                    vi, 3

Tex. Rule of App. Pro. 66.3(b)                    3

Tex. Rule of App. Pro 66.3(f)                    3

CONSTITUTIONS

Tex. Const. art. 1, § 9                    9

U.S. Const., amend. IV                    9

# STATEMENT OF CASE

Petitioner was arrested for driving while intoxicated. Petitioner moved to suppress the evidence obtained from the blood draw. The judge at the trial court granted the motion and suppressed all evidence obtained from the blood draw for a lack of probable cause on the search warrant affidavit. The State appealed the ruling. The Court of Appeals issued a memorandum opinion which improperly applied the "good faith exception" found in the Code of Criminal Procedure 38.23(b). Upon Petitioner's request for reconsideration *en banc* and the State of Texas filing a brief joining in Petitioner's request, the Court of Appeals withdrew the memorandum opinion "*sua sponte*." The Court of Appeals then issued a judgment which included a finding of probable cause reversing the trial court's ruling and remanding the case. The Petitioner challenges the ruling of the Court of Appeals.

## STATEMENT OF PROCEDURAL HISTORY

On July 3, 2014, the County Criminal Court Number Four of Tarrant County, Texas granted the defendant's motion to suppress the search with warrant.

On July 18, 2014, the State of Texas filed a Notice of Appeal.

On March 3, 2015, oral arguments were presented in the Court of Appeals for the Second District of Texas.

On March 19, 2015, the Court of Appeals for the Second District of Texas issued a memorandum opinion reversing the trial court's suppression order. *State v. Crawford*, No. 02-14-00289-CR, mem. op. (Tex. App.-Fort Worth, Mar. 19, 2015) (not designated for publication).

On April 2, 2015, the Petitioner filed a motion for *en banc* reconsideration of the court's memorandum opinion. On April 20, 2015, the State of Texas filed a motion and joined in the request for an *en banc* reconsideration of the Court of Appeals' memorandum opinion. This motion for reconsideration was based on the Court of Appeals' improper application of the good faith exception.

On May 21, 2015, the Court of Appeals withdrew its memorandum opinion of March 19, 2015. The court issued a judgment reversing the trial court's

suppression order and remanding the case for further proceedings. *State v. Crawford*, No. 2-14-00289-CR, (Tex. App.-Fort Worth, May 21, 2015).[1]

---

[1] A copy of the Court of Appeals' Opinion is attached to this Petition as Appendix 1. *See* Tex. R. App. P. 68.4(j).

## GROUNDS FOR REVIEW

## 1. PETITIONER'S FIRST GROUND FOR REVIEW

The first ground for review is succinctly stated in Justice Dauphinot's concurring opinion where she wrote "the trial and appellate bench and bar need guidance from the Texas Court of Criminal Appeals" as to the food faith exception. (Justice Dauphinot's concurring opinion at 1-2). If the Second Court of Appeals requests guidance on the applicability of the good faith exception, the Texas Court of Criminal Appeals should act and provide defining jurisprudence in this area.

## 2. PETITIONER'S SECOND GROUND FOR REVIEW

The Court of Appeals relies on the *Webre*[2] opinion to disregard the trial court's findings and look solely to the issuing magistrate's probable cause determination. In *Webre*, there were no witnesses called to testify at the motion to suppress evidence hearing. Thus, the trial court was not called upon to make any determination regarding the credibility of any witness. In this case, the trial court entered comprehensive findings of fact regarding the credibility of the magistrate who signed the search warrant. The trial court found a legitimate issue to exist as to whether the issuing magistrate even read the warrant before signing the same.

---

[2] *State v. Webre*, 347 S.W.3d 381 (Tex. App.-Austin 2011, no pet.)

1

The appellate court must give deference to the trial court as to determinations of fact. The Court of Appeals failed give any deference to the trial court and substituted its own judgment and findings.

## 3. PETITIONER'S THIRD GROUND FOR REVIEW

Even when following *Webre* and looking solely to the four-corners of the search-warrant affidavit and giving deference to the magistrate who signed the search warrant, the conclusory statements on the face of the affidavit fail to establish probable cause.

## 4. PETITIONER'S FOURTH GROUND FOR REVIEW

The good faith exception codified in Code of Criminal Procedure, article 38.23(b) is predicated on the warrant being based on probable cause. The search warrant affidavit in this case fails to establish probable cause. The good faith exception does not apply in this instance.

## 5. PETITIONER'S FIFTH GROUND FOR REVIEW

The trial court expressed legitimate questions about whether the issuing magistrate even read the warrant before signing the same. Here, where the

2

magistrate failed to read the warrant, there is no reason to believe the magistrate had a substantial basis for concluding that probable cause existed and no deference whatsoever should be given to the issuing magistrate.

## ARGUMENT

## 1. PETITIONER'S FIRST GROUND FOR REVIEW

Simply stated, Justice Dauphinot's concurring opinion clearly seeks guidance from the Court of Criminal Appeals on how the good faith exception in the Texas Code of Criminal Procedure, article 38.23(b) actually applies.

Justice Dauphinot has laid out in her concurring opinion a clear ground for review in that the Court of Appeals has decided an important question of state law that has not been, but should be, settled by the Court of Criminal Appeals. *See* Tex. Rule of App. Pro. 66.3(b).

## 2. PETITIONER'S SECOND GROUND FOR REVIEW

A reason for granting review is when a court of appeals has departed from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeals' power of supervision. *See* Tex. Rule of App. Pro 66.3(f). The Second Court of Appeals has decided to deviate from the firmly established precedent that the findings of fact and issues that turn on the credibility

3

of witnesses entered by a trial court are to be afforded total deference and the only issue on appeal in the bifurcated standard of reviewed *de novo* is a question of law. *See Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007).

When reviewing a trial court's ruling on a motion to suppress evidence, the appellate court must view the evidence in the light most favorable to the trial court's ruling. *Wiede v. State,* 214 S.W.3d 17, 24 (Tex. Crim. App. 2007); *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When reviewing a trial court's ruling on a motion to suppress evidence where the trial court has entered findings of fact, an appellate court must afford almost total deference to a trial court's determination of historical facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). The trial court's ruling must be upheld upon appeal if the ruling is supported by the record and correct under any theory of law applicable to the case. *Arthur v. State*, 216 S.W.3d 50, 54 (Tex. App-Fort Worth 2007); *Armendariz v. State*, 123 S.W3d 401, 404 (Tex. Crim. App. 2003). The reviewing appellate court should only overturn the trial court if there has been an abuse of discretion and the ruling is outside the zone of reasonable disagreement. *Martinez v. State*, 348 S.W.3d 919, 922 (Tex. Crim. App. 2011); *State v. Dixon*, 206 S.W.3d 587, 590 (Tex. Crim. App. 2006).

Here, Judge Nekhom, presiding Judge of County Criminal Court Number Four of Tarrant County, entered well reasoned and comprehensive Findings of

4

Facts and Conclusions of Law. Therefore, the Second Court of Appeals was called upon to view the evidence in the light most favorable to Judge Nekhom's findings. Instead the Court of Appeals completely disregarded the trial court's findings and substituted its own judgment.

The trial court is the <u>sole trier of fact</u> in a motion to suppress hearing. Also, the trial court is the <u>sole judge of the credibility of the witnesses</u> and the weight that should be given their testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); see *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).

The Second Court of Appeals did not view the evidence in a light most favorable to the trial court's ruling. The Court of Appeals went to extraordinary lengths in its effort to justify its errant, and withdrawn, memorandum opinion. The memorandum opinion ruling failed to acknowledge the lack of probable cause on the face of the search-warrant affidavit. Instead of following the established principle that the trial court's findings are to be upheld unless there has been an abuse of discretion and the ruling of the trial court is outside the zone of reasonable disagreement, the Court of Appeals disregarded the trial court and substituted its own judgment. The Court of Appeals action is a radical departure from settled jurisprudence.

The Court of Appeals relied on *Webre* as authoritative to ignore the trial court's findings. In *Webre*, the trial court granted a motion to suppress evidence

5

after conducting a hearing in which no witnesses testified. *State v. Webre*, 347 S.W.3d 381 (Tex. App.-Austin 2011, no pet.). In a case where the trial court is looking solely at a search warrant affidavit and makes no findings concerning the credibility of the witnesses or the weight which should be given to their testimony, it might be reasonable that the appeals court could review the trial court's probable-cause determination *de novo*.

Here, Judge Nekhom had witnesses appear before her. (RR2:11). Judge Nekhom also had a witness, the issuing magistrate, who defied compulsory process and chose to not appear for the hearing. (FOF 21). Judge Nekhom entered findings of fact as to the credibility of the witnesses and the weight which should be given to their testimony. It appears from the findings of fact entered by Judge Nekhom that the arresting officer was found to be credible. It also appears Judge Nekhom found the magistrate's failure to appear at the hearing combined with the magistrate signing a warrant bearing a false statement on its face to render the magistrate something less than credible.

The Court of Appeals was required to give deference to the findings entered by the trial court concerning the facts, the credibility of witnesses, and the finding of probable cause. Instead, the Court of Appeals ignored the trial court and issued its "*sua sponte*" opinion seeking to legitimatize its error.

## 3. PETITIONER'S THIRD GROUND FOR REVIEW

*Webre* is not applicable in this matter, and can readily be distinguished from this case. The search-warrant affidavit used to draw blood evidence from Mr. Crawford shows, even without witnesses, there is insufficient factual information on the face of the search warrant affidavit to establish probable cause.

In *Webre*, twelve different factual recitations are made on the face of the search-warrant affidavit which would permit a neutral magistrate to find probable cause. In *Webre*, the factual recitations along with reasonable inferences which establish probable cause are as follows:

1. driver sitting in the driver's seat of a smoking car and trying to start the vehicle;
2. strong odor of alcoholic beverage;
3. disorderly clothing;
4. blood-shot eyes;
5. slurred speech;
6. unsure balance;
7. a stumbling gait;
8. indications of intoxication from to the horizontal gaze nystagmus test;
9. refusal of field sobriety tests;
10. admission to drinking two medium-sized vodka tonics;
11. use of profanity; and
12. vomited while interacting with the officers. *Webre* at 383.

None of these factors were questioned. None of these factors were argued to be ambiguous. The sole issue at the motion to suppress hearing in *Webre* was that the warrant did not specify how the police intended to use the blood once it was taken

from the body. Defense counsel in *Webre* admitted, "obviously, we know what (the police) intend to do with it." *Id*. at 384.

*Webre* clearly warranted a *de novo* review of the search warrant affidavit by the appellate court. However, in this case such a practice is clearly not justified. Five factual recitations appear on the face of the search warrant affidavit in this case that might pertain to intoxication of a driver.

1. admission to drinking;
2. failed SFST;
3. unknown odor of alcohol;
4. slurred speech; and
5. blood-shot eyes.

The first two factual recitations were contested as to their meaning at the hearing on the motion to suppress. The third recitation is moderated when compared to the similar recitation in *Webre*.

Mr. Crawford does not admit to drinking anything containing any alcohol. (FOF 31). In order to be a factor forming the basis to establish probable cause to obtain a blood draw search warrant, the drinking factor should at a minimum include a statement that the substance consumed contained alcohol. The warrant did not include any explanation as to the meaning of the acronym "SFST." (FOF 34). The Second Court of Appeals failed to follow its own principle that undefined acronyms are problematic. *Hogan v. State*, 329 S.W.3d 90 (Tex. App.-Fort Worth 2010). The magistrate may or may not know what "SFST" means. More

8

importantly, the magistrate would have no means to determine from the four-corners of the search-warrant affidavit what tests were administered, how many clues were observed, what the clues indicated, if the officer was even qualified to administer a field sobriety test, or in what manner Mr. Crawford may have failed the undefined SFST. The officer notes an odor alcohol in the affidavit, but he makes no indication if the odor was weak, moderate, or strong. (FOF 24).

To use *Webre*, with twelve undisputed facts, to determine when the courts should look directly over the shoulder of the magistrate, totally ignoring the determinations of the trial court, sets a high standard and burden on the search warrant affidavit. The arresting officer in *Webre* listed a lengthy set of facts which clearly should have been sufficient for the magistrate to find probable cause. None of those facts were disputed or questioned.

If an appellate court is going to completely disregard established precedent and emasculate the trial court's findings, at the very minimum it should be consistent in following its own opinion and the cases it cites. The Court of Appeals disregarded its own words discouraging the use of acronyms in an affidavit. The appellate court also failed to consider the numerous facts used in *Webre* to establish probable cause as compared to the handful of facts in this case.

## 4. PETITIONER'S FOURTH GROUND FOR REVIEW

The Fourth Amendment provides that no warrant shall be issued, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized. U.S. Const., amend. IV; *also see* Tex. Const. art. 1, § 9; Tex. Code Crim. Proc. art. 18.01(b).

For a magistrate to find probable cause in a search warrant affidavit, they should use a flexible, non-demanding standard. *State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012); *State v. McLain*, 337 S.W.3d 268, 272 (Tex. Crim. App. 2011). The magistrate should not, however, simply be a rubber stamp of the affiant's work. *Duarte* at 354. The test for determining probable cause is whether a reasonable reading by the magistrate indicates, that within the four corners of the search warrant affidavit, there exists a substantial basis for the issuance of a warrant. *Duarte* at 354; *Massachusetts v. Upton*, 466 U.S. 727, 733 (1984); *Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007). Simply stated, any interpretation of a search warrant affidavit must follow a "reasonable reading standard."

It is well settled that Texas courts are limited to the four corners of an affidavit on the question of determining probable cause. *Lagrone v. State*, 742 S.W.2d 659, 661 (Tex. Crim. App. 1987). The magistrate, in determining probable cause, is to make a practical, common-sense decision in light of all the

10

circumstances that evidence of a crime may be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010). The magistrate in making the determination may draw reasonable inferences. *Id*.

Here the probable cause statement in the search warrant affidavit notes only an " unknown alcoholic beverage odor from his breath." (FOF 24). The probable cause statement does not indicate any intensity of smell associated with the odor. There are no references to any impairment concerning Crawford's balance, sway, or to his ability to walk or stand normally. (FOF 40). There are references to the appearance of bloodshot eyes and slurred speech, but no indication as to the degree these clues might have existed. (FOF 25-6). There is simply insufficient information for a magistrate to even determine from the four-corners of the affidavit what the term "SFST" means, how Mr. Crawford "failed the SFST," or what conclusions can be drawn from the fact that he "failed." (FOF 35).

The officer does state in the affidavit that he determined that Crawford was "intoxicated." This is a conclusory statement. Conclusory recitations in the affidavit do not establish probable cause. Mere conclusory statements give a magistrate virtually no basis for making a judgment regarding probable cause. *State v. Davila*, 169 S.W.3d 735, 739-40 (Tex. App.-Austin 2005); *Illinois v. Gates* at 239.

Again, the Court of Appeals went to great lengths to justify its decision issuing a new opinion purportedly *sua sponte* but coming shortly after Crawford filed a motion to reconsider *en banc*. Unfortunately, the authority used by the Court of Appeals falls short.

The court relies on *Jordan v. State*. The <u>issue of law</u> raised in *Jordan* is that reasonable inferences derived from the four corners of an affidavit can be used by the magistrate to reasonably conclude that a blood-alcohol test would have a fair probability of uncovering evidence of driving while intoxicated. The <u>issue of fact</u> was that the search warrant affidavit did not list a time of day when Jordan was arrested but only the date of June 6, 2008. *Jordan v. State*, 342 S.W.3d 565, 567-68 (Tex. Crim. App. 2011). The trial court in a motion to suppress hearing stated, "time is a critical issue and needs to be specifically included in the facts of an affidavit for a warrant to seize somebody's blood in a DWI." *Id.* at 568. The magistrate issued the Search Warrant for Blood at 3:54 a.m. *Id*. The only leap the magistrate had to make was to reasonably infer the officer determined the driver was driving while intoxicated on June 6, 2008 and the warrant was signed at 3:54 a.m. on June 6, 2008, that the driver had been stopped less than four hours earlier. *Id.* at 571. In *Jordan*, simple logic allowed the magistrate to make the necessary inference.

Here, the determination of probable cause requires more than simple logic. In order to establish probable cause, it is necessary to add some description to the odor on the driver's breath. To establish probable cause, it would require the magistrate to speculate what the term "SFST" means. It would require speculation on what Mr. Crawford did to fail a "SFST." It would require assumptions about what type of beverage Mr. Crawford consumed when he admitted to drinking.

Again, the Second Court of Criminal Appeals curiously sought to justify its errant previous ruling. The skeletal facts recited in the search warrant affidavit require more than simple inferences to reach the required probable cause finding.

## 5. PETITIONER'S FIFTH GROUND FOR REVIEW

For the trial court to give deference to the magistrate's reading of the search warrant affidavit, the trial court must believe that the magistrate actually carefully read the documents presented to her.

However, in this case, a legitimate question was raised whether the issuing magistrate even read the search warrant before signing it. Judge Nekhom questioned whether Judge Langston even read the warrant before signing it. (FOF 21). It is reasonable then to question whether the magistrate also failed to read the officer's supporting affidavit. The magistrate purposefully defied compulsory process and failed to appear in court and thus did not confirm that she actually read

13

the warrant prior to signing it. (RR2:5-8) (FOF 21, 35). Any deference the trial court was required to give to the issuing magistrate is diminished, if not altogether eliminated.

The trial court determined as a finding of fact, which must be given total deference, that legitimate questions exist regarding whether the magistrate actually read the warrant before signing the same. If it was read by the magistrate, it was not undertaken carefully. Had it been carefully read, the magistrate "would have had a duty to correct" the false statement which appeared on the face of the warrant. (FOF 21).

The Second Court of Appeals <u>overstepped its duty when it stated as a fact</u>, "The magistrate reviewed the evidence included in the sworn affidavit and determined that probable cause existed for the issuance of a search warrant for Crawford's blood specimen." That "fact" <u>appears nowhere in the record.</u>

## CONCLUSION

The trial court's ruling granting the motion to suppress evidence along with her comprehensive findings of fact and conclusions of law did not constitute an abuse of discretion and were not outside the zone of reasonable disagreement. The Second Court of Appeals did not fully address the important issues in its first

ruling. It suspiciously withdrew the first opinion *sua sponte* and tried to justify its error by using law which requires a higher standard than this case can meet.

Petitioner closes with words entered by Judge Nekhom's own hand into the Findings of Fact:

> The Trial Court is duty bound to faithfully guard the Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution. The invasion of a citizen's body by forcibly inserting a needle to extract blood is constitutionally protected and should be undertaken with a degree of solemnity that would dignify our federal and state Constitutions. Corners cannot be cut, short cuts cannot be taken and sloppiness should not be tolerated when authorizing the search of a person's body and privacy. (FOF 46).

The high standards mandated by of the United States Constitution and the Texas Constitution require that the ruling of the appeals court be overturned.

## PRAYER

Petitioner prays that the appeals court ruling be reversed and trial court's ruling granting the motion to suppress evidence be affirmed.

Respectfully Submitted,

MARK G. DANIEL
Sundance Square
115 West Second Street, Suite 202
Fort Worth, Texas 76102
Phone (817) 332-3822
Fax (817) 332-2763
mgd1016@aol.com

ANDREW J. DECKER
Sundance Square
115 West Second Street, Suite 202
Fort Worth, Texas 76102
Phone (817) 332-3822
Fax (817) 332-2763
andrewj.decker@yahoo.com


ATTORNEYS FOR APPELLEE


/s/ *Andrew J. Decker*
Andrew J. Decker
Bar No. 24089222

## CERTIFICATE OF SERVICE

A true copy of Appellee's brief has been e-served to State's counsel, the Hon. Tanya S. Dohoney, 401 W. Belknap, Fort Worth, Texas 76196 at coaappellatealart@tarrantcounty.com, and Lisa McMinn, Office of the State Prosecuting Attorney of Texas, 209 W. 14th Street, Austin, Texas 78701 at information@spa.texas.gov on this, the 17 th day of June, 2015.

/s/ *Andrew J. Decker*
Andrew J. Decker
Bar No. 24089222

## CERTIFICATE OF COMPLIANCE

I do hereby certify this brief complies with the required word limit per the Tex. Rules of App. Pro., Rule 9.4(i)(2)(D). This brief contains 3,280 words.

/s/ *Andrew J. Decker*
Andrew J. Decker
Bar No. 24089222



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00289-CR

---

THE STATE OF TEXAS                                                    STATE

V.

SCOTT ELLERY CRAWFORD JR.                                        APPELLEE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1344184

----------

## CONCURRING OPINION

----------

I write separately to express my concern that the trial and appellate bench and bar need guidance from the Texas Court of Criminal Appeals. Although there are certainly problems with the warrant and supporting affidavit in this case, the legislature has enacted article 38.23(b) of the code of criminal procedure,

known as the "good faith exception."[1]  The Texas Court of Criminal Appeals

instructs us that article 38.23(b) means that

> [e]vidence obtained by a police officer acting in good faith reliance
> upon a warrant based upon a magistrate's determination of probable
> cause should not be rendered inadmissible due to a defect found in
> the warrant subsequent to its execution.[2]

It appears from the plain meaning of the statute and case law dealing with

evidence obtained pursuant to a defective warrant that no matter how bad the

supporting affidavit or how infirm the warrant, the evidence will not be

suppressed.  The reasoning is that, absent a *Franks*[3] violation, there is no

misconduct to be discouraged by suppression.[4]  Does this mean that although an

officer limits the search request in the supporting affidavit, a magistrate may

authorize a much more expansive search?  If the affidavit contains no indication

why the source of the information forming the basis of the belief of criminal

activity is reliable, once the magistrate signs the warrant, is the sufficiency of the

affidavit irrelevant?  Suppose the supporting affidavit contains no jurat?  We

might avoid these questions by saying, "A magistrate would not issue a warrant

based on such a deficient affidavit," or "A magistrate would be too careful to

---

[1]Tex. Code Crim. Proc. Ann. art. 38.23(b) (West 2005).

[2]*Dunn v. State*, 951 S.W.2d 478, 479 (Tex. Crim. App. 1997).

[3]*Franks v. Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674, 2684 (1978).

[4]*Dunn*, 951 S.W.2d at 482.

2

issue a warrant that exceeded the scope of the request." But everybody slips up, even a conscientious magistrate.

As I understand the state of the law in Texas, once the warrant issues, the only challenge that will lie is a *Franks* challenge. Surely lawyers are not being put in the position of being able to challenge the admissibility of evidence obtained pursuant to a defective warrant only by attacking the integrity of the officer who swore to the affidavit. Say it ain't so.

With these concerns, I concur in the majority opinion.

/s/ Lee Ann Dauphinot

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: May 21, 2015

3



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00289-CR

| | | |
|---|---|---|
| The State of Texas | § | From County Criminal Court No. 4 |
| | § | of Tarrant County (1344184) |
| | § | May 21, 2015 |
| v. | § | Opinion by Justice Gabriel |
| | § | Concurrence by Justice Dauphinot |
| Scott Ellery Crawford Jr. | § | (p) |

## JUDGMENT

Acting sua sponte, we withdraw our March 19, 2015 memorandum opinion and judgment and substitute this opinion and judgment. Appellee Scott Ellery Crawford Jr.'s motion for en banc reconsideration is, therefore, rendered moot.

This court has considered the record on appeal in this case and holds that there was error in the trial court's judgment. It is ordered that the trial court's order granting Scott Ellery Crawford Jr.'s motion to suppress is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.

It is further ordered that appellant The State of Texas shall bear the costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

By /s/ Lee Gabriel
Justice Lee Gabriel



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00289-CR

THE STATE OF TEXAS                                                                    STATE

V.

SCOTT ELLERY CRAWFORD JR.                                            APPELLEE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1344184

----------

## OPINION

----------

Appellee Scott Ellery Crawford Jr. moved for en banc reconsideration of this panel's March 19, 2015 memorandum opinion. *See* Tex. R. App. P. 49.7. Acting sua sponte, we withdraw our March 19, 2015 memorandum opinion and judgment and substitute this opinion and judgment. *See* Tex. R. App. P. 19.1(b). Crawford's motion for en banc reconsideration is, therefore, rendered moot. *See Taflinger v. State*, 414 S.W.3d 881, 883 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

The State appeals the trial court's order granting Crawford's motion to suppress the admission of the results of a blood test taken pursuant to a search warrant to determine his blood-alcohol concentration. Because we conclude that the magistrate had a substantial basis upon which to determine probable cause supported issuance of the requested warrant, we reverse the trial court's order and remand to that court for further, consistent proceedings.

## I. BACKGROUND

In the early morning hours of August 31, 2013, during a no-refusal weekend,[1] Officer Rafael Suarez with the Euless Police Department pulled over a speeding car that was travelling at sixty-one miles per hour in a forty-five-mile-per-hour zone. When Suarez approached the driver—Crawford—he smelled alcohol on Crawford's breath, noted that Crawford's speech was slurred, and saw that Crawford appeared to have bloodshot eyes. Crawford admitted to Suarez that he had been drinking. Crawford failed the standard field-sobriety tests. Suarez arrested Crawford for driving while intoxicated and transported him to the jail where Crawford refused to provide a breath sample. *See* Tex. Transp. Code Ann. §§ 724.011, 724.013 (West 2011). Suarez also arrested Crawford's passenger for public intoxication. *See* Tex. Penal Code Ann. § 49.02 (West 2011).

---

[1]During a no-refusal weekend, magistrates are on stand-by to sign warrants and the public is informed that a driver suspected of driving while intoxicated will have their blood drawn pursuant to a warrant if the driver does not consent to provide a breath sample. *See Burks v. State*, 454 S.W.3d 705, 707 (Tex. App.—Fort Worth 2015, pet. filed).

Suarez then prepared an affidavit recounting these facts to establish probable cause and requesting that a search warrant be issued in order to collect a blood specimen from Crawford. *See* Tex. Code Crim. Proc. Ann. art. 18.01(b), (j) (West 2015). He further averred that he had seen intoxicated persons "on many occasions in the past" and that his experience and training led him to conclude that Crawford was intoxicated. He swore to the affidavit in front of a certified peace officer, Elijiah Abredoh. Because the magistrate for the City of Euless was not available, Suarez called the City of Fort Worth and was instructed to fax the affidavit to the city, which he did. This was the regular procedure of the police department for officers to follow if a Euless magistrate was unavailable. After reviewing Suarez's sworn affidavit and "all evidence available," Connie Langston,[2] a municipal-court magistrate for the City of Fort Worth, concluded probable cause for a warrant existed, signed a search warrant, and faxed it back to Suarez approximately ninety minutes after Suarez arrested Crawford. As part of the warrant, the magistrate stated that probable cause for the search warrant had been established by facts stated in Suarez's "affidavit in writing, under oath," which had "been made before" her.

Testing of the resulting blood specimen revealed that Crawford's blood-alcohol concentration was 0.15, almost twice the legal limit. *See* Tex. Penal Code Ann. § 49.01(2)(B) (West 2011). A grand jury indicted Crawford with

---

[2]We will refer to Langston as "the magistrate" for the remainder of this opinion.

3

driving while intoxicated and included an enhancement paragraph alleging that Crawford had previously been convicted of misdemeanor escape in 2007. *See id.* § 12.43 (West 2011), §§ 38.06, 49.04 (West Supp. 2014). Crawford filed a motion to suppress the test results, arguing that (1) the stop, detention, and arrest were not supported by probable cause, (2) the warrant was not supported by probable cause and "was executed by unlawful means," and (3) the scope of the search exceeded that authorized by the warrant.

The trial court held a hearing on Crawford's motion on July 2, 2014. *See* Tex. Code Crim. Proc. Ann. art. 28.01, § 1(6) (West 2006). Crawford ensured a subpoena was issued to the magistrate summoning her to appear at the hearing, but the record does not reflect that she was validly served.[3] *See id.* arts. 24.03, 24.04(a) (West 2009). The magistrate, who at the time of the hearing was no longer employed as a magistrate for Fort Worth, did not appear. Suarez appeared and testified to the facts leading to the issuance of the search warrant. After Suarez's testimony, Crawford withdrew his request for the clerk to issue an attachment for the magistrate and stated that "all the evidence is before the Court." *See id.* art. 24.12 (West 2009).

The trial court granted the motion to suppress, and the State filed a notice of appeal from the ruling. *See id.* art. 38.23 (West 2005), art. 44.01(a)(5) (West Supp. 2014). Crawford filed a request for findings of fact and conclusions of law

---

[3]In subsequent findings of fact, the trial court found that the magistrate had been "properly served."

4

along with proposed findings and conclusions for the trial court's signature, which delineated forty-seven proposed findings and conclusions. In his request and proposed findings and conclusions, Crawford conceded that Suarez's stop and investigation leading to Crawford's arrest were "legally justified." The trial court entered findings and conclusions, essentially adopting Crawford's proposed findings and conclusions, and concluded that the search warrant was not supported by probable cause. On appeal, the State raises seven points, which it groups into two categories: (1) the totality of the information in Suarez's affidavit provided a substantial basis for the magistrate to conclude that probable cause existed for the search warrant and (2) the procedures Suarez used to obtain the search warrant were lawful and, taken in tandem with the presence of probable cause, implicated the good-faith exception allowing admission of the blood-test results.

## II. PROBABLE CAUSE FOR SEARCH WARRANT

### A. STANDARD AND SCOPE OF REVIEW

When reviewing a trial court's ruling on a motion to suppress, appellate courts commonly employ a well-trod, bifurcated standard of review: (1) total deference is afforded to the trial court's rulings on questions of historical fact and to application-of-law-to-fact questions that turn on credibility and demeanor but (2) a de novo standard is applied to a trial court's application of the law to the facts. *See Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). While this case involves our examination of the trial court's ruling on Crawford's motion

5

to suppress, it actually involves our secondary appellate review of the magistrate's probable-cause determination in issuing the search warrant, which is a similar, yet distinct, inquiry. *See State v. Webre*, 347 S.W.3d 381, 384 (Tex. App.—Austin 2011, no pet.); 2 Wayne R. LaFave, *Search & Seizure* § 3.1(d) (5th ed. 2012); 6 LaFave, *supra*, § 11.7(c). Because we are a second-level appellate court reviewing the trial court's primary review of the magistrate's probable-cause determination, we are to use a "substantial basis" standard of review based on the "totality of the circumstances" presented to the magistrate.[4] *Illinois v. Gates*, 462 U.S. 213, 236–39, 103 S. Ct. 2317, 2331–32 (1983); *Flores v. State*, 319 SW.3d 697, 702 (Tex. Crim. App. 2010). In other words, we review the trial court's probable-cause determination de novo, applying the same substantial-basis standard as the trial court. *See State v. Duncan*, 72 S.W.3d 803, 806 (Tex. App.—Fort Worth 2002, pet. ref'd); 6 LaFave, *supra*, § 11.7(c). This standard confers the appropriate deference on the magistrate's determination given "the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331.

Of course, a search warrant may not issue unless it is based upon probable cause, established by a sworn affidavit. U.S. Const. amend. IV; Tex. Code Crim. Proc. Ann. art. 18.01(b); *State v. Duarte*, 389 S.W.3d 349, 354 (Tex. Crim. App. 2012). Probable cause exists when, under the totality of the circumstances, there is a fair probability or a substantial chance that evidence of

---

[4]We discuss this test more fully in the next paragraphs.

6

a crime will be found at the specified location. *Gates*, 462 U.S. at 238, 243 n.13, 103 S. Ct. at 2332, 2335 n.13; *Duarte*, 389 S.W.3d at 354. In assessing the sufficiency of an affidavit for a search warrant, the reviewing court—whether the trial court or an appellate court—is limited to the four corners of the affidavit and must uphold the magistrate's probable-cause determination if the magistrate had a substantial basis for concluding that a search would uncover evidence of a crime. *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331; *Duarte*, 389 S.W.3d at 354; *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992), *cert. denied*, 507 U.S. 921 (1993). This is a flexible and undemanding standard that allows a magistrate to draw reasonable, common-sense inferences from the facts and circumstances contained in the affidavit; however, a magistrate may not merely rubber stamp the bare conclusions of others. *Gates*, 462 U.S. at 239, 103 S. Ct. at 2333; *Duarte*, 389 S.W.3d at 354; *State v. McClain*, 337 SW.3d 268, 271 (Tex. Crim. App. 2011); *Flores*, 319 S.W.3d at 702. Accordingly, reviewing courts must "conscientiously review the sufficiency of affidavits on which warrants are issued" to ensure issuing authorities have not impermissibly abdicated their duty to determine probable cause. *Gates*, 462 U.S. at 239, 103 S. Ct. at 2333.

After reviewing the supporting affidavit realistically and not hyper-technically, a reviewing court must defer to the magistrate's decision as long as the magistrate had a substantial basis for concluding that probable cause existed. *Duarte*, 389 S.W.3d at 354; *McLain*, 337 S.W.3d at 271. Indeed, any review of a magistrate's determination of probable cause affords the magistrate's

7

decision "great deference." *Gates*, 462 U.S. at 236, 103 S. Ct. at 2331; *see McLain*, 337 S.W.3d at 271; *State v. Coker*, 406 S.W.3d 392, 396 (Tex. App.—Dallas 2013, pet. ref'd); *Farhat v. State*, 337 S.W.3d 302, 306 (Tex. App.—Fort Worth 2011, pet. ref'd). The reviewing court's focus cannot be on what other facts could or should have been included in the affidavit, but rather must be on the combined logical force of facts that actually are in the affidavit. *Duarte*, 389 S.W.3d at 354–55. The reliability of the affiant and his sources of information are part of the totality of the circumstances that the magistrate should evaluate in making her probable-cause determination. *See Coker*, 406 S.W.3d at 396; *Munoz v. State*, No. 02-12-00513-CR, 2013 WL 4017622, at *3–4 (Tex. App.—Fort Worth Aug. 8, 2013, no pet.) (mem. op., not designated for publication); *cf. Farhat*, 337 S.W.3d at 307–10 (concluding affidavit did not provide substantial basis for probable-cause finding supporting blood-draw warrant because affidavit did not contain arresting officer's personal observations of intoxication and, thus, impermissibly relied on unsupported inferences).

## B.  APPLICATION

Suarez swore in his affidavit that after pulling Crawford over for speeding at 2:34 a.m., he smelled "an unknown odor of an alcoholic beverage odor" on Crawford's breath, Crawford's speech was slurred, and Crawford's eyes appeared to be bloodshot. When Suarez asked Crawford whether he had been drinking, Crawford admitted that he had. Crawford failed unspecified standard field-sobriety tests and refused to provide a breath specimen. Suarez averred

8

that he was a peace officer, had previously seen intoxicated persons many times, and suspected that Crawford was intoxicated at the time Suarez pulled him over. Suarez requested a search warrant for Crawford's blood specimen, which had a fair probability or a substantial chance of producing evidence that Crawford committed the offense of driving while intoxicated. The magistrate reviewed the evidence included in the sworn affidavit and determined that probable cause existed for the issuance of a search warrant for Crawford's blood specimen.

These facts found in the four corners of Suarez's affidavit and the reasonable inferences derived from them, taken as a whole, provided a substantial basis by which the magistrate could have reasonably concluded that a blood-alcohol test had a fair probability or a substantial chance to uncover evidence that Crawford had been driving while intoxicated. *See State v. Jordon*, 342 S.W.3d 565, 569–72 (Tex. Crim. App. 2011); *State v. Moore*, No. 05-14-00123-CR, 2014 WL 5478209, at *3 (Tex. App.—Dallas Oct. 30, 2014, pet. ref'd) (mem. op., not designated for publication); *State v. Castro*, No. 07-13-00146-CR, 2014 WL 4808738, at *4–5 (Tex. App.—Amarillo Sept. 23, 2014, no pet.) (mem. op., not designated for publication); *Webre*, 347 S.W.3d at 383, 385–86. Because the magistrate had a substantial basis to support her probable-cause determination, the trial court (and this court on appeal) was required to defer to that determination.

In the findings and conclusions, the trial court apparently failed to defer to the magistrate's probable-cause determination and impermissibly credited

9

conflicting inferences to be drawn from the affidavit. For example, the trial court found that when Crawford admitted he had been drinking, Suarez failed to clarify in the affidavit that Crawford had been drinking "water, milk, a soft drink, an iced tea, an energy drink, lemonade, beer, wine or some other type of alcoholic beverage." The trial court also found that Suarez's affidavit statement that Crawford failed the field-sobriety tests was insufficient to establish probable cause because the officer failed to specify what tests were given or how Crawford failed the tests administered. Finally, the trial court found that there was no probable cause shown by the affidavit because Suarez failed to recite that Crawford had "unsteady balance, needed support, was falling down, staggering, . . . was swaying, was heavy footed, or that his clothing was disorderly, soiled or stained, unable to follow instructions or commands, unable to retrieve driver[']s license, insurance proof or other identifying information." In total, thirteen of the trial court's twenty-four factual findings regarding the affidavit pointed out what evidence was missing or could have been part of the affidavit. The trial court in making these findings employed a hyper-technical reading of the affidavit that focused on what facts were not included, which is prohibited in a review of a magistrate's probable-cause determination and fails to accord it the appropriate deference. *Duarte*, 389 S.W.3d at 354–55. Merely because conflicting inferences could be drawn from the affidavit does not justify a reviewing court's conclusion that the magistrate did not have a substantial basis upon which to find probable cause. *See Stanley v. State*, No. 02-10-00342-CR,

10

2011 WL 3211241, at *3–4 (Tex. App.—Fort Worth July 28, 2011, no pet.) (mem. op., not designated for publication). The inferences the magistrate reasonably could have drawn from the four corners of the affidavit gave her a substantial basis to conclude a blood test had a fair probability or a substantial chance to provide evidence of Crawford's intoxication. *See Munoz*, 2013 WL 4017622, at *3; *Webre*, 347 S.W.3d at 385–86, 388; *Stanley*, 2011 WL 3211241, at *4. The trial court erred by concluding otherwise.

### III.  DEFECTS IN THE WARRANT

The State also argues that because the affidavit established probable cause sufficient to justify the magistrate's issuance of a warrant, any defects in the warrant did not render the blood-test evidence inadmissible. The State specifically attacks the trial court's finding that the magistrate's statement in the warrant that the affidavit was "made before" her was untrue and rendered the warrant fatally defective because it was "premised on a false statement." *See* Tex. Code Crim. Proc. Ann. art. 18.01.

The exclusionary rule, urged by Crawford in seeking suppression of the blood-test results, contains a limited exception allowing admission of otherwise-inadmissible evidence: the good-faith exception. *See generally* Tex. Code Crim. Proc. Ann. art. 38.23. This exception provides that even if evidence was unconstitutionally or illegally obtained, it nevertheless may be admitted if it was "obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." *Id.* art.

11

38.23(b). Therefore, evidence is not rendered inadmissible based on a defect in the warrant found after its execution if the warrant was based on a neutral magistrate's determination of probable cause. *See Dunn v. State*, 951 S.W.2d 478, 479 (Tex. Crim. App. 1997). We have concluded that the magistrate had a substantial basis upon which to conclude probable cause existed for a search warrant. Thus, the good-cause exception to the exclusionary rule allowed admission of the blood-test results even if the warrant contained a defect.[5]

## IV. CONCLUSION

The facts stated in the four corners of Suarez's affidavit provided a substantial basis upon which the magistrate could have reasonably determined probable cause existed to issue a search warrant. By delineating what was missing from the affidavit and concluding probable cause was not present based on those missing facts, the trial court impermissibly strayed from the deferential,

---

[5]We are not holding that (1) the magistrate's statement that the affidavit was "made before" her was false; (2) such a statement, even if false, rendered the warrant fatally defective; or (3) that an affiant must be visually or aurally before the magistrate before a warrant validly may be signed. *Cf. Clay v. State*, 391 S.W.3d 94, 102–04 (Tex. Crim. App. 2013) (holding officer not required to swear out affidavit in the physical presence of magistrate and noting that "before" included "under the official purview of," not solely corporal presence). Indeed, a search warrant, as opposed to an arrest warrant, requires only a supporting, sworn affidavit and does not specify that the affiant must be physically "before" the magistrate for a valid warrant to issue. *Compare* Tex. Code Crim. Proc. Ann. art. 18.01(b), *and id.* art. 18.04 (West 2015), *with id.* art. 15.03(a)(2) (West 2015). A search warrant is sufficient if it is issued under the name of the State of Texas, identifies what is to be seized, commands any peace officer of the proper county to conduct a search, and is dated and signed by the magistrate. Tex. Code Crim. Proc. Ann. art. 18.04; *Gish v. State*, 606 S.W.2d 883, 885 (Tex. Crim. App. [Panel Op.] 1980). The search warrant in this case did so and, therefore, was sufficient.

12

substantial-basis test, which binds reviewing courts.  Therefore, the trial court erred by failing to defer to the magistrate's probable-cause determination, given the probable-cause facts shown in the four corners of the affidavit.  The probable cause supporting the search warrant, therefore, allows admission of the blood-test results obtained under the warrant based on the good-faith exception to the exclusionary rule.  Accordingly, we sustain the State's first, second, third, fourth, and seventh points, reverse the trial court's order granting Crawford's motion to suppress, and remand the case to the trial court for further proceedings consistent with this opinion.  *See* Tex. R. App. P. 43.2(d), 43.3.  We need not address the State's two remaining points.  *See* Tex. R. App. P. 47.1.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, GABRIEL, and SUDDERTH, JJ.

DAUPHINOT, J. filed a concurring opinion

PUBLISH

DELIVERED:  May 21, 2015

13



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00289-CR

THE STATE OF TEXAS                                                    STATE

V.

SCOTT ELLERY CRAWFORD JR.                                      APPELLEE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1344184

----------

## MEMORANDUM OPINION[1]

----------

The State appeals the trial court's granting of Appellee Scott Ellery Crawford Jr.'s motion to suppress the results of blood tests resulting from an involuntary blood draw pursuant to a search warrant. Although there are certainly problems with the warrant and supporting affidavit, the legislature has enacted article 38.23(b) of the code of criminal procedure, known as the "good

---

[1]*See* Tex. R. App. P. 47.4.

faith exception."[2]  The Texas Court of Criminal Appeals instructs us that article 38.23(b) means that

> [e]vidence obtained by a police officer acting in good faith reliance upon a warrant based upon a magistrate's determination of probable cause should not be rendered inadmissible due to a defect found in the warrant subsequent to its execution.[3]

We therefore sustain the State's seventh point, which is dispositive; do not reach the State's remaining points;[4] reverse the trial court's suppression order; and remand this case to the trial court for further proceedings consistent with this opinion.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GABRIEL, and SUDDERTH, JJ.

GABRIEL, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 19, 2015

---

[2]Tex. Code Crim. Proc. Ann. art. 38.23(b) (West 2005).

[3]*Dunn v. State*, 951 S.W.2d 478, 479 (Tex. Crim. App. 1997).

[4]*See* Tex. R. App. P. 47.1.