Henry Earl **DUNN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 72264.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 17, 1997.

Kerry D. Lee, Tyler, for appellant.

Jack Skeen, Jr., District Attorney, Tyler, Matthew Paul, State's Atty., Austin, for State.

*OPINION*

MEYERS, Judge.

Appellant was convicted of capital murder, and the jury's verdict at sentencing required the trial court to sentence appellant to death. Appeal from this sentence is direct and automatic to this Court. Appellant raises eleven points of error. We affirm.

In his first and second points of error appellant claims the trial court abused its discretion in failing to suppress the evidence obtained as a result of his illegal arrest. Appellant argues his arrest was illegal because the arrest warrant was not signed at

the time of his arrest. TEX. CODE CRIM. PROC. art. 15.02, *Requisites of a Warrant*, requires the signature of a magistrate in order for a warrant to be sufficient. The pertinent facts established at the hearing on appellant's motion to suppress are undisputed:

The police presented the issuing magistrate with several related affidavits and warrants totaling twenty pages. The magistrate determined probable cause existed for all of the warrants, including appellant's arrest warrant. He signed nineteen of the twenty pages, inadvertently omitting appellant's arrest warrant. There, he filled in the date and bond amount, but neglected to sign it. The mistake was not discovered until appellant was in custody. Upon realizing the error, arrangements were made to immediately obtain the magistrate's signature. Car keys belonging to the victim and a receipt for a car stereo put into the victim's car after his murder were seized in the search incident to appellant's arrest. The admission of these items form the basis of appellant's first point of error. Several hours after appellant's arrest and after the magistrate signed the arrest warrant, appellant waived his rights and agreed to videotape a statement for police. The admission of this statement is the object of appellant's second point of error.

■ Appellant correctly asserts that the warrant under which he was arrested was not in compliance with TEX. CODE CRIM. PROC. art. 15.02(3) because it was lacking the magistrate's signature at the time of his arrest. TEX. CODE CRIM. PROC. art. 38.23(a) excludes, "evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America." However, article 38.23(b) provides a good faith exception allowing evidence obtained in good faith reliance on a warrant to be admissible. Article 38.23(b) provides: "It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based upon probable cause." The record establishes that appel-

lant was arrested by officers acting in objective good faith reliance upon a warrant based on probable cause and issued by a neutral magistrate. Appellant argues that article 38.23(b) is inapplicable because a warrant cannot *issue* without the signature of the magistrate as required by article 15.02(3). The record reflects that the magistrate found probable cause to issue the warrant, signed the accompanying warrants, and intended but inadvertently failed to sign appellant's arrest warrant. This appears to be exactly the type of situation intended to be covered by article 38.23(b). Evidence obtained by a police officer acting in good faith reliance upon a warrant based upon a magistrate's determination of probable cause should not be rendered inadmissible due to a defect found in the warrant subsequent to its execution. We hold that appellant's arrest warrant had *issued* for purposes of the good faith exception of article 38.23(b). Accordingly, the trial court did not err in denying appellant's motion to suppress. Appellant's first and second points of error are overruled.

■ In his third point of error, appellant claims the trial court abused its discretion in denying his motion to suppress his videotaped confession. According to appellant, neither his confession nor the waiver of his rights was freely, knowingly, and voluntarily given. Therefore, appellant contends, the confession was gained in violation of his due process rights.

The trial court held a hearing to determine if appellant's confession was given freely, knowingly, and voluntarily. The record from the hearing reflects that appellant was given *Miranda* warnings before the interview, and only after appellant affirmed that he understood the warnings did the interview commence. After viewing the videotaped confession and listening to the testimony of those present during the reading of the warnings, the trial court determined that appellant understood his rights and that the confession was admissible. Our own review of the record reflects that when appellant was initially informed of his rights, he indicated that he did not understand the right to counsel. The officer then carefully explained the terms to

appellant after which appellant indicated that he understood his rights. Appellant offered no evidence at the hearing and points to nothing specific in the record or facts to support the claim that his confession was involuntary. The trial court did not abuse its discretion in denying appellant's motion to suppress his videotaped confession. Appellant's third point of error is overruled.

■ In his fourth point of error appellant contends the trial court abused its discretion in denying his motion for directed verdict because the State failed to establish the victim was Nicolas West, the person named in the indictment. Appellant is essentially questioning the sufficiency of the evidence to support this conviction. The sufficiency of the evidence is reviewed in the most favorable light to the verdict to determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The record reflects that Detective Dale Hukill was asked during his testimony if the victim had been identified, to which he responded the victim was "Nicolas West." Testimony from the victim's roommate also identified Nicolas West as the victim. The evidence is sufficient to support a finding by a rational trier of fact that the victim was Nicolas West. Appellant's fourth point of error is overruled.

In his fifth point of error, appellant claims the trial court failed to advise the experts who examined appellant to determine his competency to stand trial, as required by TEX. CODE CRIM. PROC. art. 46.02(3)(c). Article 46.02(3)(c) requires the court to, "advise any expert appointed pursuant to this section of the facts and circumstances of the offense with which the defendant is charged and the meaning of incompetency to stand trial." Appellant failed to preserve error, if any, for review. The record reflects that on the morning the trial began, appellant assured the court his expert had conducted all the tests and interviews necessary for his evaluation and no complaint or objection was made that the court had not informed the expert of the facts and circumstances of the

case. Appellant's fifth point of error is overruled.

■ In points of error six through eleven, appellant sets forth various claims that the trial court abused its discretion by overruling his motions regarding the constitutionality of the Texas death penalty scheme. The two paragraph discussion following the listing of these six points of error appears to pertain only to point of error eleven, as to which appellant argues that failing to instruct the jury that the presumption of innocence applies to the special issues "is violative of Appellant's Fifth and Fourteenth Amendments to the United States Constitution's protections of due process of law as well as Appellant's due process protections under the Texas Constitution." Appellant otherwise cites no authority and presents no argument. Rule 74(f) of the Texas Rules of Appellate Procedure requires a brief of the argument to include, "such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue." These points are multifarious, inadequately briefed and present nothing for review. *See Martinez v. State,* 924 S.W.2d 693, 698 (Tex. Crim.App.1996). Points of error six through eleven are overruled.

The judgment of the trial court is affirmed.

MANSFIELD, Judge, concurring.

In his first and second points of error, appellant contends that because the warrant for his arrest was not signed by the issuing magistrate prior to his arrest, the arrest was illegal. Therefore, he argues, the trial court erred in failing to suppress evidence gained as a result of the arrest.

The record below shows the police gave the magistrate numerous supporting affidavits and warrants together with the arrest warrant for appellant. Based on the affidavits, the magistrate found probable cause existed to issue the warrants, including the arrest warrant for appellant. He initialed each page of the supporting affidavits, dated and signed each of the warrants, except for the arrest warrant for appellant, which was not signed. The police, believing in good faith the magistrate signed the arrest war-

rant for appellant, arrested appellant, only to discover that once they had him in custody the arrest warrant had not been signed. The magistrate signed the arrest warrant shortly thereafter.

During their search of appellant incident to the arrest, the police found the victim's car keys as well as a receipt for a stereo installed by the appellant in the victim's car after the victim's murder. Several hours later, appellant waived his rights and gave a recorded video statement to the police in which he confessed to robbing and shooting the victim, and then driving away from the murder scene in the victim's truck.[1] Appellant continued to use the victim's truck until the time of his arrest. The recorded video statement was given by appellant about three hours after the magistrate signed the warrant for appellant's arrest and about six hours after his actual arrest.

Appellant does not challenge the finding of the magistrate that probable cause to arrest him was present at the time of his arrest. The record demonstrates the magistrate reviewed and initialed the affidavits supporting his finding of probable cause. The magistrate signed the other warrants—relating to several other suspects who were alleged to have been involved along with appellant in the commission of this offense—but simply failed to sign the arrest warrant for appellant. Appellant does not aver the police acted in bad faith in any way or that they knew, at the time they arrested him, the arrest warrant lacked the signature of the magistrate.

Appellant is correct in his assertion that Texas Code of Criminal Procedure Article 15.02 requires an arrest warrant "be signed by the magistrate." It is also true that article 38.23(a) provides for the exclusion of "evidence obtained by an officer or other person in violation of any provision of the Constitution or laws of the State of Texas or of the Constitution or laws of the United States of America." However, article 38.23(b) provides: "It is an exception to the provisions of subsection (a) of this Article that the evidence was obtained by a law

enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." A review of the totality of the circumstances clearly shows the magistrate made the proper finding of probable cause to issue the warrant for appellant's arrest but inadvertently failed to sign the warrant itself—one of a package of several warrants—although his intent to do so is obvious. Given these circumstances, to hold the warrant did not issue for purposes of article 15.02 as well as for purposes of article 38.23(b)—the good faith exception—would be, in my opinion, an absurd result clearly in contravention of the intent of the Legislature. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991).

Yet, even if one accepts appellant's argument that no valid warrant had been issued at the time of his arrest because it lacked a magistrate's signature, the United States Supreme Court's recent holding in *Arizona v. Evans,* 514 U.S. 1, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995), is dispositive. In *Arizona v. Evans,* the police, relying in good faith on what they thought was a valid outstanding arrest warrant, placed Evans under arrest subsequent to a stop for a traffic law violation. Unknown to the officers at the time, the arrest warrant was no longer outstanding as it had expired. However, due to a clerical oversight, the arrest warrant had not been deleted from the computer system when the police stopped Evans. During the search incident to Evans' arrest, the police found a bag of marijuana and he was charged with its possession.

The Supreme Court found that while Evans' arrest had been made based on a warrant that, in effect, did not exist at the time of his arrest, the police, *in good faith,* believed they were acting pursuant to a valid arrest warrant based on probable cause. The Supreme Court held that the exclusionary rule does not require suppression of evidence seized in violation of the Fourth Amendment where the seizure was made pursuant to a warrant that was not valid because of clerical errors of court employees, but which police did not know was invalid.

---

1. The original stereo that had been installed by the victim was removed and pawned. The pawn

shop receipt was found during the search incident to appellant's arrest.

The exclusionary rule is a judicially-created remedy designed to safeguard against future violations of Fourth Amendment rights through its deterrent effect. The exclusionary rule was historically designed as a means of deterring police misconduct, not mistakes by court employees. *See United States v. Leon*, 468 U.S. 897, 916, 104 S.Ct. 3405, 3417, 82 L.Ed.2d 677 (1984).

In *Arizona v. Evans* the Court noted its holdings in *Leon, supra*, and *Illinois v. Krull*, 480 U.S. 340, 348, 107 S.Ct. 1160, 1166, 94 L.Ed.2d 364 (1987). In *Krull*, the Court held there was no sound reason to apply the exclusionary rule as a means of deterring misconduct on the part of judicial officers who are responsible for issuing warrants. There is "no evidence suggesting that judges and magistrates are inclined to ignore or subvert the Fourth Amendment or that lawlessness among these actors requires the application of the extreme sanction of exclusion." *Krull, supra*, 480 U.S. at 348, 107 S.Ct. at 1166 (citing *Leon, supra*, 468 U.S. at 915–17, 104 S.Ct. at 3417).

In the present case, the police, acting *in good faith* and pursuant to what they reasonably believed was a valid arrest warrant, arrested appellant. There is nothing in the record to support *any* allegation of bad faith or misconduct on the part of the police or the magistrate—much less the presence of bad faith or misconduct of the level requiring invocation of the draconian step of application of the exclusionary rule, thereby suppressing the confession of appellant as fruit of an illegal arrest. Therefore the Fourth Amendment does not require that the evidence seized pursuant to the arrest of appellant—including his confession—be suppressed as the police acted in good faith on what they reasonably believed was a valid arrest warrant.

Finally, appellant's confession is admissible even if, assuming *arguendo*, his arrest was illegal. This Court has held that if a confession results from an illegal arrest the confession will be suppressed unless there are sufficient facts to show the taint of the illegal arrest has been attenuated from the later confession. We have consistently applied the four-prong test set forth by the Supreme Court in *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975), to determine if sufficient attenuation has occurred between the illegal arrest and the confession so as to make the confession admissible:

(1) whether the *Miranda*[2] warnings were given;

(2) the presence of intervening circumstances;

(3) the temporal proximity of the arrest and confession; and

(4) the purpose and flagrancy of the official misconduct.

*Brown v. Illinois*, 422 U.S. at 601–03, 95 S.Ct. at 2261; *Dowthitt v. State*, 931 S.W.2d 244, 261 (Tex.Crim.App.1996); *Bell v. State*, 938 S.W.2d 35, 47 n. 23 (Tex.Crim.App.1996); *Self v. State*, 709 S.W.2d 662, 666 (Tex.Crim. App.1986).

The record indicates appellant received his *Miranda* warnings at least twice and he also received the additional article 38.22 warnings immediately before he gave his videotaped statement. There were at least two intervening circumstances, including the confession by a codefendant implicating appellant in the murder and the actual signing of the arrest warrant by the magistrate. Third, several hours passed between the time of the arrest and the time appellant gave his statement, sufficient time to have given appellant an opportunity to reflect and to consider the consequences of confessing. Finally, there was no flagrant official misconduct; the police acted in good faith on what they thought was a valid arrest warrant based on probable cause and never intended to violate appellant's rights. In my opinion, sufficient attenuation existed to remove any taint of the arrest (assuming it was illegal) and therefore the confession was admissible.[3]

---

**2.** *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**3.** The keys and the receipt from the pawn shop were only briefly referred to during the trial. Their admission, even if erroneous, was harmless beyond a reasonable doubt. Tex.R.App.Proc. 81(b)(2); *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim.App.1989).

I concur with respect to the disposition of appellant's first and second points of error. I join the opinion of the Court with respect to its disposition of appellant's remaining points of error.