11th Court of Appeals
Eastland, Texas
Opinion
 
Phillip Eugene Bishop
            Appellant
Vs.                  No. 11-03-00188-CR -- Appeal from Eastland County
State of Texas
            Appellee
 
            A jury convicted Phillip Eugene Bishop of indecency with a child. Upon appellant’s plea of
true to both enhancement allegations, the jury assessed punishment at 99 years imprisonment.
            TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003) provides that a person commits the
offense of indecency with a child by engaging in sexual contact with a child. TEX. PENAL CODE
ANN. § 21.11(c)(1) (Vernon 2003) defines “sexual contact” as including any touching by a person
of any part of the genitals of a child with the intent to arouse or gratify the sexual desire of any
person.
Issues on Appeal
            In appellant’s first two issues on appeal, he contends that the evidence was legally and
factually insufficient to prove that he intended to arouse or gratify a sexual desire. In appellant’s
third issue on appeal, he contends that the trial court erred in denying his motion for directed verdict
in which he argued that there was insufficient evidence to prove his intent. Appellant’s challenge
to the denial of his motion for directed verdict is the same as his challenge to the legal sufficiency
of the evidence to show intent. See Dunn v. State, 951 S.W.2d 478, 480 (Tex.Cr.App.1997);
Gonzales v. State, 4 S.W.3d 406, 412 (Tex.App. - Waco 1999, no pet’n). We will discuss the three
issues as one. Because we find that the evidence was legally and factually sufficient to support
appellant’s conviction, we affirm. 
Standard of Review
            In reviewing claims of legal insufficiency, we review all of the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Jackson
v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). In reviewing whether evidence was factually sufficient,
we review all of the evidence in a neutral light and determine whether the evidence supporting guilt
is so weak as to render the conviction clearly wrong and manifestly unjust or whether the evidence
supporting guilt, although adequate when taken alone, is so greatly outweighed by the overwhelming
weight of contrary evidence as to render the conviction clearly wrong and manifestly unjust. 
Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283
(Tex.Cr.App.2001); Cain v. State, 958 S.W.2d 404 (Tex.Cr.App.1997). The jury is the sole judge
of the weight and credibility of the witnesses’ testimony, and due deference must be given to the
jury’s determination. TEX. CODE CRIM. PRO. ANN. arts. 36.13 & 38.04 (Vernon 1979 & 1981);
Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000).
 Testimony
            The nine-year-old victim testified that she and appellant’s grandson would play together
when she visited appellant’s house. The victim was a frequent visitor to appellant’s house; and,
during these visits, appellant and the victim became friends. During one visit, the victim crawled
into appellant’s lap to “warm up.” While the victim was in appellant’s lap, appellant touched the
victim’s vagina for thirty seconds to one minute with his hand. The victim testified that appellant
touched her private area in two places under her underwear. During cross-examination, she
emphatically stated that she did not think that the touching was an accident.
            The victim immediately reported the incident to appellant’s grandson and then to her mother. 
Her mother took the victim to see Dr. Joann Paulk. The victim described to Dr. Paulk how appellant
had touched her private area and said that it hurt. Dr. Paulk expressed her medical opinion that the
victim had been sexually molested. 
            Appellant, in a written statement to Texas Ranger David Hullum, said that in May or June
of 2002, while playing with the victim, he slipped his hand under her shorts and “touched her bare
vagina with one finger.” Appellant said that he jerked his hand away because he thought: “[W]hat
am I doing? I shouldn’t be doing this.” Appellant stated further that “I wish I could turn back the
clock and stop it.” Ranger Hullum stated that he has been a peace officer for 25 years, that he had
over 3,000 hours of training, and that he had developed expertise in the investigation of sex crimes
and violent crimes. Ranger Hullum testified that, in his opinion, appellant’s statements expressed
an intent that appellant intended to arouse or gratify his sexual desire.
 Analysis
             In determining whether appellant acted with intent, the actor’s intent may be inferred from
the conduct and remarks of the actor and the surrounding circumstances. Cunningham v. State, 726
S.W.2d 151 (Tex.Cr.App.1987). The victim testified that appellant’s hand touched her vagina for
thirty seconds to one minute and that it was not an accident. Appellant, in his written statement,
showed remorse for his actions and confessed to touching the victim’s “bare vagina.” Ranger
Hullum testified that, in his opinion, appellant intended to arouse or gratify his sexual desire when
he touched the victim. Dr. Paulk opined that the victim had been sexually molested. Based on the
testimony, the jury could have inferred that appellant had the requisite intent. See Cunningham v.
State, supra.
            The evidence was legally sufficient because a rational trier of fact could have found that
appellant intended to arouse or gratify his sexual desire. The evidence, taken in a neutral light, was
factually sufficient because the evidence was neither so weak nor so outweighed by contrary
evidence as to render the conviction clearly wrong and manifestly unjust.
This Court’s Ruling
            The judgment of the trial court is affirmed.
 
                                                                                                TERRY McCALL
                                                                                                JUSTICE
 
June 24, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.