

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00289-CR

---

THE STATE OF TEXAS                                                STATE

V.

SCOTT ELLERY CRAWFORD JR.                                  APPELLEE

----------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY
TRIAL COURT NO. 1344184

----------

## CONCURRING OPINION

----------

I write separately to express my concern that the trial and appellate bench and bar need guidance from the Texas Court of Criminal Appeals. Although there are certainly problems with the warrant and supporting affidavit in this case, the legislature has enacted article 38.23(b) of the code of criminal procedure,

known as the "good faith exception."[1]  The Texas Court of Criminal Appeals instructs us that article 38.23(b) means that

> [e]vidence obtained by a police officer acting in good faith reliance upon a warrant based upon a magistrate's determination of probable cause should not be rendered inadmissible due to a defect found in the warrant subsequent to its execution.[2]

It appears from the plain meaning of the statute and case law dealing with evidence obtained pursuant to a defective warrant that no matter how bad the supporting affidavit or how infirm the warrant, the evidence will not be suppressed.  The reasoning is that, absent a *Franks*[3] violation, there is no misconduct to be discouraged by suppression.[4]  Does this mean that although an officer limits the search request in the supporting affidavit, a magistrate may authorize a much more expansive search?  If the affidavit contains no indication why the source of the information forming the basis of the belief of criminal activity is reliable, once the magistrate signs the warrant, is the sufficiency of the affidavit irrelevant?  Suppose the supporting affidavit contains no jurat?  We might avoid these questions by saying, "A magistrate would not issue a warrant based on such a deficient affidavit," or "A magistrate would be too careful to

---

[1]Tex. Code Crim. Proc. Ann. art. 38.23(b) (West 2005).

[2]*Dunn v. State*, 951 S.W.2d 478, 479 (Tex. Crim. App. 1997).

[3]*Franks v. Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674, 2684 (1978).

[4]*Dunn*, 951 S.W.2d at 482.

issue a warrant that exceeded the scope of the request." But everybody slips up, even a conscientious magistrate.

As I understand the state of the law in Texas, once the warrant issues, the only challenge that will lie is a *Franks* challenge. Surely lawyers are not being put in the position of being able to challenge the admissibility of evidence obtained pursuant to a defective warrant only by attacking the integrity of the officer who swore to the affidavit. Say it ain't so.

With these concerns, I concur in the majority opinion.

/s/ Lee Ann Dauphinot

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: May 21, 2015

3