

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00012-CR

MAXIMILLION NICHOLAS MORENO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 22nd District Court
Hays County, Texas
Trial Court No. CR-14-0604

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

By using a search warrant obtained in a different, Travis County investigation, Detective Christina Angeles of the Austin Police Department discovered various telephone numbers that had been called from the cell phone of Maximillion Nicholas Moreno. Among those numbers was the number for K.D.,[1] a minor. From that information, Angeles learned that Moreno had engaged in sexual activity with K.D. twice in Hays County before K.D. had reached her seventeenth birthday. Ultimately, as a result of Angeles's discovery, Moreno was convicted by a Hays County[2] jury of two counts of sexual assault of a child under age seventeen and one count of online solicitation of a minor.[3] On appeal, he complains that the trial court should have suppressed evidence obtained from use of the search warrant. An unusual, complicating factor here is that, well after the warrant was issued and the search was conducted, the Travis County judge who initially assessed the probable-cause affidavit and issued the search warrant found that, in retrospect, the warrant was not supported by probable cause. Because Angeles conducted her search in good-faith reliance on that warrant, we affirm the judgment.

To provide context, we examine some of what led to the current situation.

---

[1]In this opinion, we refer to the child by initials to protect the child's identity. *See* TEX. R. APP. P. 9.10.

[2]Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[3]*See* TEX. PENAL CODE ANN. § 22.011 (Supp.), § 33.021. For each sexual assault of a child, the trial court sentenced Moreno to ten years' incarceration, suspended the sentence in favor of community supervision for ten years, and fined Moreno $1,000.00. For the online solicitation of a minor, the trial court sentenced Moreno to five years' confinement, suspended the sentence in favor of community supervision for ten years, and fined him $500.00.

Angeles's Travis County investigation arose from a reported sexual assault by Moreno of a very inebriated adult female in Austin. That victim could not remember much of the surrounding events, so, as Angeles's affidavit recites, Angeles desired to use Moreno's cell phone activity during that time period to attempt to reconstruct the relevant

> timeline of when the victim was kicked out of the bar and when she was found by [Moreno] to show that the victim was still highly intoxicated when the suspect made contact with her. Historical records from [Moreno]'s phone will assist with establishing that timeline. In addition, affiant believes [Moreno] has spoken to several people after the sexual assault and it is believed that he told at least one person that he never had sex with the victim. Affiant wants to confirm this information by contacting those he called on or around November 23, [2013]. Also, it is believed [Moreno] may have called a couple of people after he was interviewed on February 3, 2014[,] and obtaining those numbers may assist with corroborating [Moreno]'s statement.
>
> **Affiant believes the suspect called his roommate, a neighbor, and another friend to tell them he was interviewed by affiant and mentioned their names to affiant in the interview.**
>
> The suspect provided us with his phone number and affiant was able to confirm that this is the number he provided to his employer.

The above language in bold print was interlined on the face of Angeles's affidavit where it appears in the quote. The interlineation[4] is initialed by Angeles and by the Honorable David Wahlberg, the Travis County district judge who signed the warrant.

---

[4]Another interlineation, also initialed by the signing judge and Angeles, was made earlier in the affidavit. We similarly bold that insertion for context's sake:

> It is also affiant's belief that the suspect knew [the victim] was highly intoxicated an[d] unable to consent based on her behavior. **The suspect met with Affiant and stated he made contact with [the victim] at his apartment complex.** The suspect stated the victim was found in a puddle of water in freezing cold and rain, was unable to walk on her own without assistance, and unable to have a conversation with him and/or tell him where she was.

(Emphasis added).

3

Moreno raises several complaints to the sufficiency of Angeles's affidavit in support of a warrant to examine telephone numbers called by Moreno. He complains that Angeles, in two places, added additional information on the face of the affidavit and argues that, regardless of the added language, the affidavit does not establish probable cause to authorize the warrant. Moreno also argues that there is no evidence Angeles was placed under oath when she made those additions. Finally, he points to testimony from Judge Wahlberg, who, four years after signing the warrant, testified that, looking back, he does not believe the affidavit showed probable cause.[5] But, because we can more readily dispose of this case on a different basis, we will not address those complaints.

The trial court in Hays County overruled Moreno's motion to suppress. We must affirm the decision if it is correct on any theory of law that finds support in the record. *Osbourn v. State*, 92 S.W.3d 531, 538 (Tex. Crim. App. 2002); *see State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000). Our analysis demonstrates that the good-faith exception validates the admission of the information as evidence in Moreno's Hays County trial, even if the Travis County warrant had been issued without probable cause.

"Evidence obtained by a police officer acting in good faith reliance on a warrant based on a magistrate's determination of probable cause should not be rendered inadmissible due to a defect found in the warrant subsequent to its execution." *Dunn v. State*, 951 S.W.2d 478, 479 (Tex. Crim.

---

[5]Judge Wahlberg signed the warrant requested by Angeles. As part of an offer of proof in this case, outside the presence of the jury, Judge Wahlberg testified that, four years after having signed the warrant, in retrospect he had made a "mistake" in signing the warrant and found Angeles's affidavit "defective," even with the interlined additions she had made. Moreno offers no authority for how or why this testimony can be considered in our review of the affidavit, and we do not find that the judge's comments undermine Angeles's good faith in her reliance on the warrant.

App. 1997). The authority for this exception to the exclusion of illegally obtained evidence is codified in the Texas Code of Criminal Procedure. "It is an exception to the provisions of Subsection (a)[6] of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." TEX. CODE CRIM. PROC. ANN. art. 38.23(b). This good-faith exception comes into play where "the prior law enforcement conduct that uncovered evidence used in the affidavit for the warrant [was] 'close enough to the line of validity' that an objectively reasonable officer preparing the affidavit or executing the warrant would believe that the information supporting the warrant was not tainted by unconstitutional conduct[.]" *McClintock v. State*, 541 S.W.3d 63, 71–2 (Tex. Crim. App. 2017)[7] (quoting *United States v. Massi*, 761 F.3d 512, 532 (5th Cir. 2014)).

We observe nothing in this record suggesting that any of the facts sworn to in Angeles's affidavit were improperly obtained or suggesting that Angeles had any reason to believe there was any taint to the discovery of Moreno's cell phone records. Stated in *McClintock* terms, the affidavit Angeles used to obtain the warrant for information on Moreno's cell phone was "close enough to the line of validity"[8] that Angeles, acting as an "objectively reasonable officer preparing the

---

[6]Subsection (a) renders inadmissible any evidence "obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America." TEX. CODE CRIM. PROC. ANN. art. 38.23(a).

[7]The warrant at issue in *McClintock* was acquired after officers took a trained drug-sniffing dog up a flight of stairs to the door of McClintock's apartment. *McClintock*, 541 S.W.3d at 64–65. Outside the door, the dog alerted, indicating the likely presence of drugs. *Id.* at 65. After adopting the *Massi* standard quoted above, the Texas Court of Criminal Appeals found that "[t]o the extent that the drug dog's positive alert for drugs was incorporated into the search warrant . . . the warrant affidavit was unquestionably tainted with a prior illegality." Applying the *Massi* standard, the *McClintock* court framed the issue as follows: "whether the officers in this case operated sufficiently close to the line of validity in conducting the drug sniff that they 'act[ed] in objective good faith reliance' on the magistrate's probable cause determination in issuing the warrant." *Id.* at 73 (quoting TEX. CODE CRIM. PROC. ANN. art. 38.23(b)).
[8]*United States v. White*, 890 F.2d 1413, 1419 (8th Cir. 1989).

5

affidavit or executing the warrant would believe that the information supporting the warrant was not tainted by unconstitutional conduct[.]"[9] *See Dunn v. State*, 951 S.W.2d 478, 479 (Tex. Crim. App. 1997) (where magistrate inadvertently failed to sign the arrest warrant, the arresting officers acted in good faith reliance on the warrant); *see also Stone v. Powell*, 428 U.S. 465, 498 (1976) (Burger, C.J., concurring) ("[O]nce the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law.").

There is nothing in the record suggesting that any of Angeles's information or statements in her affidavit were untrue, revealed any improper motives by Angeles, or had been acquired by illegal or unscrupulous means. From the face of the affidavit, it can be said only that Angeles was investigating an alleged sexual assault in Austin and that she desired access to telephone numbers called by Moreno to confirm his activities or contacts in the time following the alleged sexual assault and following Angeles's interview with him. That the issuing judge later changed his mind about the sufficiency of Angeles's affidavit neither undermines his original neutrality nor subverts the legitimacy of Angeles's reliance on the duly signed warrant. Indeed, that Angeles had to add information to the affidavit before Judge Wahlberg would sign the warrant supports our conclusions that a reasonable officer would have believed that probable cause was supplied by the resulting affidavit and that Angeles relied on the warrant in good faith.

---

[9]*Massi*, 761 F.3d at 528 (quoting *McClintock*, 541 S.W.3d at 71).

Because we find Angeles relied in good faith on the warrant, we find no abuse of discretion in the trial court's denial of Moreno's motion to suppress.

We affirm the trial court's judgment and sentences.

Josh R. Morriss, III
Chief Justice

Date Submitted:    January 29, 2020
Date Decided:    February 26, 2020

Do Not Publish