**Affirmed and Memorandum Opinion filed August 22, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00778-CR

---

**DOMINIQUE SHACKELFORD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court at Law No. 4 and Probate Court
Brazoria County, Texas
Trial Court Cause No. 248498**

---

## MEMORANDUM OPINION

A jury found appellant Dominique Shackelford guilty of driving while intoxicated (DWI) with an alcohol concentration level of 0.15 or more. *See* Tex. Penal Code Ann. §49.04. In two issues on appeal, appellant argues that (1) there was insufficient evidence to support his conviction and (2) the trial court erred in denying his motion to suppress the results of his blood tests. We affirm the judgment as challenged on appeal.

# I.    BACKGROUND

On January 7, 2021, Dixon called 9-1-1 to report what she believed to be a drunk driver. She was a passenger in a car driven by her husband when she saw a blue minivan swerving erratically, bump the curb, and almost hit another vehicle. Pearland Police Officer Nathaniel Marin responded to the call at 6:49 p.m. and was informed that the driver was heading west. As Marin approached the described area, he noticed a blue Dodge Grand Caravan—matching the description given by Dixon—drive past him. Marin caught up to the vehicle as it entered an apartment complex without using a turn signal. Marin activated his emergency lights and stopped the van inside the complex. The van "slow rolled" through the apartment complex for about 30 seconds before abruptly coming to a stop.

Appellant was the driver and sole occupant of the minivan. While appellant looked for his license, Marin noticed the smell of alcoholic beverages coming from the van. According to Marin, appellant's eyes were "red and glossy," and his speech was slurred. Marin ordered appellant out of the vehicle; appellant exited slowly and stumbled as he walked to the rear of the minivan toward the officer. Marin noted that appellant appeared to have urinated on himself. When Marin asked appellant if he had been drinking, appellant responded that he drank one beer. Marin observed that appellant swayed back and forth while speaking and that he appeared nervous and had trouble answering questions. When asked if he had any medical conditions or was on medication, appellant said he was being treated for anxiety and depression.

Appellant agreed to perform three standard field sobriety tests: the horizontal gaze nystagmus (HGN), the walk-and-turn, and the one-legged stand. He showed signs of intoxication during the HGN test, and could not maintain his balance during the walk-and-turn and one-legged stand tests. With all tests

indicating appellant was intoxicated, Marin placed him under arrest at 7:12 p.m. Marin read the required statutory warnings to appellant and asked him to provide a breath or blood specimen, which appellant refused. Appellant told Marin that he was going to "ruin his life," that he was "having family issues," and he accused Marin of being "out to get him." appellant was taken to the city jail where Marin began working on a search warrant for appellant's blood.

Marin electronically presented an application for a search warrant to a magistrate, who administered the oath to Marin for his affidavit for the search warrant. *See* Tex. Code Crim. Proc. Ann. art. 18.01(b–1)(2). The search-warrant affidavit reflects that the oath was administered at 9:06. The magistrate signed (1) the acknowledgment on the search-warrant affidavit and (2) the search warrant at 9:06 and emailed it to Marin, but the magistrate did not fill in (1) "p.m." or (2) date either the oath on the search-warrant affidavit or on the warrant.[1] *See* Tex. Code Crim. Proc. Ann. arts. 2.09 (who are magistrates), 18.01(b–1), (c), (j) (search warrant), 18.02 (grounds for issuance of search warrant); Tex. Gov't Code Ann. § 312.011(1) (defining "affidavit"). The magistrate did not date the search warrant, but did sign it, and the magistrate's name appeared in typewritten form. *See* Tex. Code Crim. Proc. Ann. arts. 18.04 (addressing required content of search warrant).

Marin, however, "wrote in the date" on the original search warrant. Marin then drove appellant for testing, where Marin watched a nurse obtain two vials of blood from appellant. Subsequent analysis showed that appellant's blood alcohol concentration was 0.31. The next afternoon, Marin notified the magistrate by email about the missing date. Six days later, the magistrate responded to Marin by email indicating that the magistrate later filed in "p.m." and the date on separate copies

---

[1] The "9:06" on both the search-warrant affidavit and the search warrant appears to have been typed in before it was presented to the magistrate.

of the search-warrant affidavit and the search warrant, and the magistrate initialed those additions.

Appellant's case was tried to a jury, which found appellant guilty and assessed punishment at 225 days in jail. The trial court sentenced appellant to 225 days in jail and a $100.00 fine. Tex. Code Crim. Proc. Ann. art. 102.0185 (fine for intoxication convictions).

## II.    LEGAL SUFFICIENCY

In his first issue, appellant argues that the evidence was legally insufficient to support his conviction; appellant's argument largely relies on the fact that Dixon never saw the driver of the vehicle.

## A.    Standard of review and applicable law

We apply a legal-sufficiency standard of review in determining whether the evidence supports each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *see Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013). Under this standard, we examine all the evidence adduced at trial in the light most favorable to the verdict to determine whether a jury was rationally justified in finding guilt beyond a reasonable doubt. *Edward v. State*, 635 S.W.3d 649, 655 (Tex. Crim. App. 2021). We consider all evidence in the record, whether admissible or inadmissible. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). We also consider both direct and circumstantial evidence, as well as any reasonable inferences that may be drawn from the evidence. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We will uphold the jury's verdict unless a rational fact-finder must have had reasonable doubt as to any essential element. *Laster v. State*, 275 S.W.3d 512, 518 (Tex. Crim. App. 2009).

We do not, however, re-evaluate the weight and credibility of the evidence or substitute our judgment for that of the fact-finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Because the jury is the sole judge of the witness's credibility and the weight given their testimony, we resolve any evidentiary conflicts or inconsistencies in favor of the verdict. *See Isassi v. State*, 330 S.W.3d 633, 643 (Tex. Crim. App. 2010) ("As long as the jury's finding of a culpable intent 'is supported by a reasonable inference, it is within the province of the factfinder to choose which inference is most reasonable.'").

Sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge and as authorized in the indictment. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

For the offense of driving while intoxicated, the State had the burden of proving that appellant was (1) operating a motor vehicle (2) in a public place (3) while intoxicated. Tex. Penal Code Ann. § 49.04(a). In this case, the State had the additional burden of proving appellant had a blood-alcohol-concentration level (BAC) of 0.15 or more. Tex. Penal Code Ann. § 49.04(d). ("If it is shown on the trial of an offense under this section that an analysis of a specimen of the person's blood, breath, or urine showed an alcohol concentration level of 0.15 or more at the time the analysis was performed, the offense is a Class A misdemeanor.").

**B.    Application**

Even though Dixon never saw the driver of the vehicle that she reported to 9-1-1, we nevertheless conclude that the evidence was legally sufficient to support

appellant's conviction.

The evidence shows that Officer Marin responded to a 9-1-1 call by driving to the area where the driver was predicted to be. When he arrived, he saw a vehicle that was driving in a public place that matched Dixon's description and pulled it over after the vehicle turned without the use of a turn signal. No other person was in the vehicle with appellant, and Marin smelled a strong odor of alcoholic beverages coming from inside the van. Appellant also had slurred speech and "red and glossy" eyes. Marin then administered three field-sobriety tests, all three of which indicated that appellant was intoxicated. Appellant's blood sample, which was collected several hours later, revealed that appellant had a BAC of 0.311, which was well above the 0.15 the State needed to prove.

We conclude that a rational jury could have found the essential elements of driving while intoxicated beyond a reasonable doubt.

We overrule appellant's first issue.

### III.    MOTION TO SUPPRESS

In his second issue, appellant argues that the trial court abused its discretion by denying his motion to suppress the results of his blood test. More specifically, appellant claims that the search warrant for blood was defective. *See generally* Tex. Code Crim. Proc. Ann. art. 38.23 (evidence not to be used).

### A.    Standard of review

A trial court's ruling on a motion to suppress is reviewed on appeal under a bifurcated standard. *State v. Arellano*, 600 S.W.3d 53, 57 (Tex. Crim. App. 2020). The appellate court will give "almost total deference to a trial court's findings of historical fact and determinations of mixed questions of law and fact that turn on credibility and demeanor if they are reasonably supported by the record." *Id.*

6

We review de novo a trial court's determination of legal questions and its application of the law to facts that do not turn upon a determination of witness credibility and demeanor. *Id.* The trial court's ruling will also be sustained if it is correct on any applicable theory of law and the record reasonably supports it. *Id.* at 57–58. Additionally, because appellant did not request findings of fact and conclusions of law and none were filed, we presume the trial court implicitly resolved all issues of historical fact and witness credibility in the light most favorable to the ultimate ruling. *See State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011).

Under Texas law, a warrant must: (1) run in the name of "The State of Texas"; (2) identify the item to be seized and name the person, place, or thing to be searched; (3) command any peace officer of the proper county to search the person, place, or thing named; (4) be dated and signed by the magistrate; and (5) contain the magistrate's name in clearly legible handwriting or in typewritten form with the magistrate's signature. *See* Tex. Code Crim. Proc. Ann. art. 18.04. A magistrate's finding that a search-warrant affidavit is supported by probable cause generally carries a presumption of validity. *See Hyland v. State*, 574 S.W.3d 904, 911 (Tex. Crim. App. 2019).

## B.    Analysis

According to appellant, there was no constitutionally valid warrant issued against him because it is undisputed that the magistrate did not date the original warrant. In other words, appellant's only challenge to the warrant was a statutory defect under Article 18.04(4). However, the court of criminal appeals has already addressed and rejected a similar statutory-defect challenge:

> In this case, as in *Dunn*, the sole basis for Appellee's motion to suppress was a statutory defect discovered after execution of the

7

warrant—the illegible signature on the search warrant in violation of Article 18.04(5). Contrary to Appellee's suggestion that this defect rendered the warrant facially invalid such that it was not a "warrant" upon which an officer could reasonably rely in good faith, *Dunn* instructs that a warrant containing this type of defect is still a "warrant" for purposes of Article 38.23(b). As we explained in *Dunn*, evidence obtained pursuant to such a defective warrant should not be rendered inadmissible, so long as the statutory requirements of Article 38.23(b) are satisfied—that is, that the officer was acting in objective good-faith reliance upon a warrant based upon a neutral magistrate's determination of probable cause. We find that this case falls within the reasoning of *Dunn* and, therefore, hold that a warrant containing an illegible magistrate's signature in violation of Article 18.04(5) does not automatically preclude application of the statutory good-faith exception in Article 38.23(b).

*Arellano*, 600 S.W.3d at 61 (citing *Dunn v. State*, 951 S.W.2d 478 (Tex. Crim. App. 1997)).

Thus, applying *Arellano* and *Dunn*, we conclude that a warrant containing a defect in violation of article 18.04(4) is still a "warrant" for purposes of article 38.23(b), which allows evidence that was obtained in violation of a law to still be used against the accused if the "evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." Tex. Code Crim. Proc Ann. art. 38.23(b); *see Dunn*, 951 S.W.2d at 479 ("Evidence obtained by a police officer acting in good faith reliance upon a warrant based upon a magistrate's determination of probable cause should not be rendered inadmissible due to a defect found in the warrant subsequent to its execution.").

Appellant does not argue that the warrant was not supported by probable cause, and he does not argue that the warrant was not issued by a neutral magistrate. There is no argument made, or evidence in the record to suggest, that Officer Marin was not acting in good faith. And appellant also does not identify

any allegedly false statements in the warrant that would overcome the presumption of validity regarding the magistrate's probable-cause finding. While the warrant was technically defective at issuance, we conclude that Officer Marin was still acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause. Accordingly, the trial court did not err in denying appellant's motion to suppress.[2]

We overrule appellant's second issue.

### IV.   CONCLUSION

We affirm the judgment of the trial court as challenged on appeal.


/s/    Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] While we hold the trial court did not err, we are not suggesting that the search-warrant affidavit and search warrant were either properly submitted to the magistrate or properly executed by the magistrate. They were not.