

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00366-CR

THE STATE OF TEXAS, APPELLANT

V.

MANUEL RIOS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CR-1802, Honorable William R. Eichman II, Presiding

July 17, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

This case tests whether Texas Code of Criminal Procedure Article 38.23(b)'s good faith exception applies when a search warrant affidavit was sworn before an official authorized to administer oaths—but not the specific official required by statute. The State of Texas appeals from the trial court's order suppressing evidence pursuant to Appellee Manuel Rios's motion. By a single issue, the State argues that although the affidavit for a search warrant did not strictly comply with Code of Criminal Procedure Article

18.0215(c), the officers acted in good faith. We agree with the State, and reverse and remand.

## BACKGROUND

The pertinent facts are straightforward. A grand jury indicted Rios on six counts of sexual assault[1] and one count of attempted sexual assault. Billy Koontz, a certified peace officer and investigator with the Lubbock County District Attorney's Office, completed an affidavit seeking a search warrant for Rios's cell phone. Chief Investigator Brent Rose, another certified peace officer and Koontz's supervisor, administered the oath to Koontz for the affidavit. Koontz then emailed his signed affidavit and an unsigned warrant to District Judge Les Hatch, who found probable cause existed and signed the warrant.

None of the three men—Judge Hatch, Koontz, or Rose—knew that Texas Code of Criminal Procedure Article 18.0215(c) required the application be "sworn to or affirmed before the judge."

Rios moved to suppress evidence recovered from the cell phone on multiple grounds. The trial court found probable cause existed but agreed with Rios that because Koontz did not swear the affidavit before a judge as required by Article 18.0215(c), the failure "amounted to no oath at all."

## ANALYSIS

Legal Framework

---

[1] *See* TEX. PENAL CODE ANN. § 22.011(a).

2

Texas Code of Criminal Procedure Article 18.01(b) establishes foundational requirements for search warrants:

> No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance.  A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested.

TEX. CODE CRIM. PROC. ANN. art. 18.01(a), (b).

Under the general rule, various officials may administer the required oath, including peace officers.  *See* TEX. GOV'T CODE ANN. § 602.002(18); *see also Ashcraft v. State*, No. 03-12-00660-CR, 2013 Tex. App. LEXIS 10402, at *16 (Tex. App.—Austin Aug. 20, 2013, no pet.) (mem. op., not designated for publication).  The purpose of requiring an oath is to call upon the affiant's sense of moral duty to tell the truth and to instill a sense of seriousness and responsibility.  *Smith v. State*, 207 S.W.3d 787, 790 (Tex. Crim. App. 2006).

Article 18.0215, however, establishes heightened requirements for cellular telephone searches.  Article 18.0215(c) mandates that cell phone warrant applications "must be written and signed and sworn to or affirmed before the judge."  TEX. CODE CRIM PROC. ANN. art. 18.0215(c).  This provision reflects the legislature's recognition of the unique privacy interests implicated by cellular telephone searches.

The Good Faith Exception

A trial court must exclude evidence obtained in violation of the Constitution or laws of Texas or the United States unless the "evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate

3

based on probable cause." *Id.* art. 38.23(a), (b). The State bears the burden of proving the exception's applicability. *Wheeler v. State*, 616 S.W.3d 858, 866 (Tex. Crim. App. 2021). The good faith exception applies when the prior law enforcement conduct was "close enough to the line of validity that an objectively reasonable officer preparing the affidavit or executing the warrant would believe that the information supporting the warrant was not tainted by unconstitutional conduct." *McClintock v. State*, 541 S.W.3d 63, 73 (Tex. Crim. App. 2017).

Distinguishing *Wheeler*

In *Wheeler*, the Court of Criminal Appeals addressed whether the good faith exception applied when officers submitted a completely unsworn affidavit for a blood search warrant. 616 S.W.3d at 866. The court held the good faith exception did not apply because submitting an unsworn affidavit violated both long-standing federal constitutional requirements and state statutory mandates that warrants may only issue when probable-cause facts are sworn under oath. *Id.*

Critically, the Court emphasized that the defect in *Wheeler* was not "a mere procedural irregularity with respect to how the affidavit was sworn" but rather that the affidavit "was not sworn at all." *Id.* at 867. The Court concluded that "[t]he complete absence of this indispensable constitutional and statutory requirement is nowhere close to the line of valid law enforcement conduct that would bring this situation within the ambit of the good-faith exception." *Id.*

We find *Wheeler* distinguishable. Although the trial court concluded the affidavit was legally unsworn, it was in fact made under oath before an official generally authorized

4

to administer oaths.  *See* TEX. GOV'T CODE ANN. § 602.002(18); *Smith*, 207 S.W.3d at 790.

The Court of Criminal Appeals has applied the good faith exception where officers rely on warrants with technical defects that do not undermine the warrant's constitutional foundation.  In *State v. Arellano*, the Court held that a defect on a warrant that failed to meet Article 18.04(5)'s requirements (requiring a legible signature) did not preclude the good faith exception.  600 S.W.3d 53, 60–61 (Tex. Crim. App. 2020).  The Court emphasized that "evidence obtained pursuant to such a defective warrant should not be rendered inadmissible, so long as the statutory requirements of Article 38.23(b) are satisfied . . . ."  *Id.*

Similarly, in *Dunn v. State*, a magistrate's missing signature on an arrest warrant was held to be a defect covered by the good faith exception.  951 S.W.2d 478, 479 (Tex. Crim. App. 1997).  The Court held that despite the statutory violation, the record reflected "the magistrate found probable cause to issue the warrant, signed the accompanying warrants, and intended but inadvertently failed to sign appellant's arrest warrant."  *Id.*

Objective Good Faith Analysis

The Court of Criminal Appeals has "repeatedly reminded reviewing courts that they should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner."  *Rodriguez v. State*, 232 S.W.3d 55, 59 (Tex. Crim. App. 2007).  This case involves a technical procedural violation applied to an otherwise valid warrant supported by probable cause, not the complete absence of an oath that rendered the *Wheeler* affidavit constitutionally deficient.

The constitutional purpose of the oath was fulfilled in this case. Whether administered by a peace officer or judge, the legal effect remains the same: the officer subjects himself to perjury charges for knowingly providing false statements.[2] Having a judge administer the oath does not expand the oath's legal effect or the penalty for perjury.

The undisputed evidence establishes that the officers acted objectively reasonable. They followed standard warrant procedures used successfully throughout their careers. They obtained a warrant that the trial court found was supported by probable cause. They ensured the affidavit was properly sworn, even though before the wrong official.

While ignorance of the law alone does not establish good faith, *see Wheeler*, 616 S.W.3d at 866, the circumstances here demonstrate objective reasonableness. The legislature's purpose in enacting Article 18.0215 was "to prohibit a peace officer from searching a person's cell phone or other wireless communications device without a search warrant and provide related guidelines and exceptions." Fiscal Note, Tex. H.B. 1396, 84th Leg., R.S. (May 30, 2015). This purpose—ensuring officers obtain warrants before searching cell phones—was fulfilled here, albeit imperfectly.

Although the legislature may have had important reasons for requiring cell phone warrant affidavits to be sworn before a judge, this procedural requirement is not so fundamental that it precludes application of the good faith exception. Oaths for search warrant affidavits are regularly administered by non-judge officials in the vast majority of

---

[2] *See* TEX. PENAL CODE ANN. § 37.02 (setting out the offense of perjury); *Smith v. State*, 207 S.W.3d 787, 790 n.14 (Tex. Crim. App. 2006).

cases, placing Koontz's conduct "close enough to the line of validity" to meet the "objectively reasonable officer" standard. *Wheeler*, 616 S.W.3d at 866.

We sustain the State's sole issue.

## CONCLUSION

We reverse the trial court's order suppressing evidence obtained pursuant to the search warrant for Rios's cell phone, and remand for further proceedings not inconsistent with this opinion.

Lawrence M. Doss
Justice

Do not publish.