

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00366-CR

---

THE STATE OF TEXAS, APPELLANT

V.

MANUEL RIOS, APPELLEE

---

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. DC-2024-CR-1802, Honorable William R. Eichman II, Presiding

---

December 9, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

We deny Appellee Manuel Rios's motion for rehearing, withdraw our opinion issued on July 17, 2025, and substitute the following opinion of the Court.

This case tests whether Texas Code of Criminal Procedure Article 38.23(b)'s good faith exception applies when a search warrant affidavit was sworn before an official authorized to administer oaths—but not the specific official required by statute. The State of Texas appeals from the trial court's order suppressing evidence pursuant to Appellee

Manuel Rios's motion. By a single issue, the State argues that although the affidavit for a search warrant did not strictly comply with Code of Criminal Procedure Article 18.0215(c), the officers acted in good faith. We agree with the State, and reverse and remand.

## BACKGROUND

The pertinent facts are straightforward. A grand jury indicted Rios on six counts of sexual assault[1] and one count of attempted sexual assault. Billy Koontz, a certified peace officer and investigator with the Lubbock County District Attorney's Office, completed an affidavit seeking a search warrant for Rios's cell phone. Chief Investigator Brent Rose, another certified peace officer and Koontz's supervisor, administered the oath to Koontz for the affidavit. Koontz then emailed his signed affidavit and an unsigned warrant to District Judge Les Hatch, who found probable cause existed and signed the warrant. None of the three men—Judge Hatch, Koontz, or Rose—knew that Texas Code of Criminal Procedure Article 18.0215(c) required the application be "sworn to or affirmed before the judge."

Rios moved to suppress evidence recovered from the cell phone on multiple grounds. The trial court found probable cause existed but agreed with Rios that because Koontz did not swear the affidavit before a judge as required by Article 18.0215(c), the failure "amounted to no oath at all."

---

[1] *See* TEX. PENAL CODE § 22.011(a).

2

Legal Framework

Texas Code of Criminal Procedure Article 18.01(b) establishes foundational requirements for search warrants:

> No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance. A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested.

TEX. CODE CRIM. PROC. art. 18.01(a), (b).

Under the general rule, various officials may administer the required oath, including peace officers. *See* TEX. GOV'T CODE § 602.002(18); *see also Ashcraft v. State*, No. 03-12-00660-CR, 2013 Tex. App. LEXIS 10402, at *16 (Tex. App.—Austin Aug. 20, 2013, no pet.) (mem. op., not designated for publication). The purpose of requiring an oath is to call upon the affiant's sense of moral duty to tell the truth and to instill a sense of seriousness and responsibility. *Smith v. State*, 207 S.W.3d 787, 790 (Tex. Crim. App. 2006).

Article 18.0215, however, establishes heightened requirements for cellular telephone searches. Article 18.0215(c) mandates that cell phone warrant applications "must be written and signed and sworn to or affirmed before the judge." TEX. CODE CRIM PROC. art. 18.0215(c). This provision reflects the legislature's recognition of the unique privacy interests implicated by cellular telephone searches.

The Good Faith Exception

Under the Texas Code of Criminal Procedure, a trial court must exclude evidence obtained in violation of the Constitution or laws of Texas or the United States unless the "evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." *Id.* art. 38.23(a), (b). The State bears the burden of proving the exception's applicability. *Wheeler v. State*, 616 S.W.3d 858, 866 (Tex. Crim. App. 2021). The good faith exception applies when the prior law enforcement conduct was "close enough to the line of validity that an objectively reasonable officer preparing the affidavit or executing the warrant would believe that the information supporting the warrant was not tainted by unconstitutional conduct." *McClintock v. State*, 541 S.W.3d 63, 73 (Tex. Crim. App. 2017).

In *Wheeler*, the Court of Criminal Appeals addressed whether the good faith exception applied when officers submitted a completely unsworn affidavit for a blood search warrant. 616 S.W.3d at 866. The court held the good faith exception did not apply because submitting an unsworn affidavit violated both long-standing federal constitutional requirements and state statutory mandates that warrants may only issue when probable-cause facts are sworn under oath. *Id.*

Critically, the Court emphasized that the defect in *Wheeler* was not "a mere procedural irregularity with respect to how the affidavit was sworn" but rather that the affidavit "was not sworn at all." *Id.* at 867. The court concluded that "[t]he complete absence of this indispensable constitutional and statutory requirement is nowhere close

4

to the line of valid law enforcement conduct that would bring this situation within the ambit of the good-faith exception." *Id.*

We find *Wheeler* distinguishable. Although the trial court concluded Koontz's affidavit was legally unsworn, it was in fact made under oath before an official generally authorized to administer oaths. *See* TEX. GOV'T CODE § 602.002(18); *Smith*, 207 S.W.3d at 790. Investigator Koontz did not simply sign a paper and submit it; he took an oath, swore to the truthfulness of the facts, and subjected himself to perjury prosecution for any knowingly false statements. The fact that the incorrect official administered the otherwise valid oath demonstrates this irregularity as procedural rather than foundationally deficient. Nothing in *Wheeler* or other authority has held that an affidavit sworn under oath to a duly-authorized officer is a nullity merely because the statute requires a different official to administer the oath.

The Court of Criminal Appeals has applied the good faith exception where officers rely on warrants with technical defects that do not undermine the warrant's constitutional foundation. In *State v. Arellano*, the court held that a defect on a warrant that failed to meet Article 18.04(5)'s requirements (requiring a legible signature) did not preclude the good faith exception. 600 S.W.3d 53, 60–61 (Tex. Crim. App. 2020). The court emphasized that "evidence obtained pursuant to such a defective warrant should not be rendered inadmissible, so long as the statutory requirements of Article 38.23(b) are satisfied . . . ." *Id.*

Similarly, in *Dunn v. State*, a magistrate's missing signature on an arrest warrant was held to be a defect covered by the good faith exception. 951 S.W.2d 478, 479 (Tex.

5

Crim. App. 1997). The Court held that despite the statutory violation, the record reflected "the magistrate found probable cause to issue the warrant, signed the accompanying warrants, and intended but inadvertently failed to sign appellant's arrest warrant." *Id.*

Contrary to what Rios suggests, the statutory good faith exception is not limited to defects on the face of the warrant itself. It can encompass defects in the oath supporting the warrant provided that the constitutional foundation lies intact and the officer's reliance is objectively reasonable. Consistent with that focus, at least one court has applied the exception where the defect lay in how the underlying complaint or affidavit was sworn rather than in the warrant form itself. *See Flores v. State*, 367 S.W.3d 697, 702–03 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd), (recognizing good faith exception when police officer swore complaint for an arrest warrant before an assistant district attorney rather than "before the magistrate" as required under Article 15.03(a)(2) when the officer "followed standard procedure in attesting to his complaint and obtaining the warrant" and the warrant indicated complaint was made under oath.).

Our holding is narrow. We do not hold that Article 18.0215(c)'s judge-specific oath requirement is optional or that its violation is trivial. Rather, we hold that this judge-specific requirement, important as it is, does not transform a constitutionally-sworn affidavit into the equivalent of no oath at all, and it does not categorically preclude application of Article 38.23(b) where the statute's four elements—warrant, neutral magistrate, probable cause, and objective good faith reliance—are otherwise satisfied. The Court of Criminal Appeals has "repeatedly reminded reviewing courts that they should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner." *Rodriguez v. State*, 232 S.W.3d 55, 59 (Tex. Crim. App.

6

2007). This case involves a technical procedural violation applied to an otherwise valid warrant supported by probable cause, not the complete absence of an oath that rendered the *Wheeler* affidavit constitutionally deficient.

Objective Reasonableness

On rehearing, Rios argues that Article 18.0215(c)'s requirement reflects the Legislature's recognition of the unique privacy interests in cell phones, as discussed in *Riley v. California*, 573 U.S. 373 (2014). *Riley* speaks to *when* a warrant is required; Article 18.0215(c) specifies *how* the warrant process should proceed for this type of evidence.

When an officer actually takes an oath before a qualified official, presents that sworn affidavit to a neutral judge, and obtains a warrant the trial court finds supported by probable cause, Article 38.23(b) permits reliance on that warrant notwithstanding a violation of Article 18.0215(c)'s requirement that the oath be administered "before the judge."

After the affidavit was sworn before Rose, Koontz submitted it to Judge Hatch. Judge Hatch reviewed the sworn affidavit, found probable cause, and signed the warrant. Officers then received the judge-signed warrant and executed the search in reliance on that warrant. The undisputed testimony shows officers believed they were authorized to search the cell phone based on Judge Hatch's signed warrant. The record shows: (1) a warrant, (2) issued by a neutral magistrate, (3) based on probable cause, and (4) objectively reasonable reliance by officers who followed standard procedures in swearing out and executing that warrant. This is precisely the scenario Article 38.23(b)

7

addresses: officers acting "in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause."

Although the legislature may have had important reasons for requiring cell phone warrant affidavits to be sworn before a judge, this procedural requirement is not so fundamental that it precludes application of the good faith exception. Oaths for search warrant affidavits are regularly administered by non-judge officials in the vast majority of cases, placing Koontz's conduct "close enough to the line of validity" to meet the "objectively reasonable officer" standard. *Wheeler*, 616 S.W.3d at 866.

We sustain the State's sole issue.

## CONCLUSION

We reverse the trial court's order suppressing evidence obtained pursuant to the search warrant for Rios's cell phone, and remand for further proceedings not inconsistent with this opinion.

Lawrence M. Doss
Justice

Do not publish.